Filed Oct. 16, 1890.

No. 14,494.

## COBLE v. ELTZROTH.

PLEADING.—*Marriage Contract.*—*Action for Breach of.*—*Answer Alleging Conspiracy to Defraud.*—*Insufficiency of.*—In an action for breach of promise, an answer is bad which alleges that the plaintiff conspired with another to defraud the defendant by setting up a false claim that the latter had promised to marry her, but which does not state that anything was done to induce the promise. The answer is also bad for the reason that

a single paragraph of answer can not confess a cause of action and also deny it.

INSTRUCTIONS TO JURY.—*Must be Considered as an Entirety.*—Where the instructions to the jury, taken as an entirety, show that there is no error in them by which the jury could have been misled, it is unavailing to detach from one of the instructions a brief clause and assault it.

MISCONDUCT OF COUNSEL.— *When Unavailing Error.*—Where counsel were guilty of misconduct in referring to a change of venue, but upon objection the court promptly checked the counsel and instructed the jury that the question of a change of venue was one they had no right to consider, the misconduct of counsel was not such error as to justify a reversal of the judgment.

SAME.—*Objections to.—Must be Specifically Stated to Avail on Appeal.*—Objections to the conduct of counsel in argument can not be made available on appeal unless the grounds of the objection are specifically stated.

From the Blackford Circuit Court.

*G. W. Harvey, H. J. Paulus, J. Cantwell* and *S. W. Cantwell,* for appellant.

*A. E. Steele* and *J. A. Kersey,* for appellee.

ELLIOTT, J.—The appellee's complaint states, as a cause of action, a promise of marriage and a breach of the promise by the appellant. The first paragraph of the answer is a general denial, and the second alleges that the appellee conspired with Aaron Trowbridge to defraud the appellant by setting up a false claim that the latter had promised to marry her, but it also alleges that he never made any such promise. The second paragraph of the answer is clearly bad. It is well settled that a single paragraph of an answer can not confess a cause of action and also deny it. The answer is bad for another reason and that is this, it does not attempt to state any facts showing that the appellee and Trowbridge, did anything to induce the appellant to promise the appellee that he would marry her.

The appellant detaches from one of the instructions a brief clause and assails it, but his assault is unavailing, for the reason that the instructions must be taken as an entirety, and thus taken there is no error in them which could have misled the jury.

The appellee's counsel were guilty of misconduct in referring to the change of venue, but, upon the objection of appellant's counsel, the trial court promptly checked the counsel of appellee and instructed the jury that the question of a change of venue was one they had no right to consider. As the court acted promptly and gave the jury the proper instructions, we can not say that there was error justifying a reversal.

Upon the authority of *Morrison* v. *State*, 76 Ind. 335, it must be held that to make available on appeal objections to the conduct of counsel in argument, the grounds of the objection must be specifically stated. The application of this rule disposes of the point made upon the course of the appellee's counsel in referring to a deposition taken by the appellant but not introduced in evidence.

Judgment affirmed.

Filed Oct. 16, 1890.