Filed Dec. 20 1893.

---

No. 940.

## WELSH, EXECUTOR, *v.* BROWN.

PRINCIPAL AND AGENT.—*Agent Acting in Disregard of His Principal's Instruction.*—*Liability of Agent.*—*Damages.*—*Measure of.*—Where A. left money in the hands of B., as his agent, with instructions to loan the same to C., when C. and his wife should execute a mortgage upon a certain eighty acres of land unincumbered, and B., in disregard of such instructions, loaned the money to C. with a preëxisting mortgage on the land, he is liable to A. therefor, if loss resulted therefrom, in a sum not exceeding the amount of the preëxisting mortgage.

SAME.—*Evidence.*—*When a Witness May Testify to a Conversation with*

*Decedent.—Decedent's Estate.*—In an action by a decedent's representative, against decedent's agent, for damages resulting from a disregard, by the agent, of instructions concerning the loaning of money, the party with whom the agent contracted is competent to testify to a conversation which he had with the decedent before the agent turned over the money left with him by the decedent to loan and accepted a mortgage, wherein the decedent directed witness to tell said agent to turn over the money and accept a second mortgage.

DEMURRER.—*Overruling to Insufficient Answer.—When Reversible Error. —When Harmless.*—The overruling of a demurrer to a paragraph of answer not stating a defense to the action is reversible error, unless it affirmatively appears that the verdict rests wholly upon one or more paragraphs of the answer which are good.

ASSIGNMENT OF ERRORS.—*Assignment Must be Based Upon Proper Exception.—Misconduct of Counsel.*—Where error is predicated upon the misconduct of counsel, no question is presented, on appeal, unless the trial court was given an opportunity to correct the error. No valid exception can be saved unless based upon a ruling of the court.

From the Wayne Circuit Court.

*J. M. Morris, L. P. Mitchell* and *R. A. Jackson,* for appellant.

*Brown* and *Brown,* for appellee.

Ross, J.—The appellant, Josiah A. Welsh, as executor of the estate of Joseph Welsh, deceased, brought this action against the appellee in the Henry Circuit Court, and the cause was sent, on change of venue, to the Wayne Circuit Court, where there was a trial, and verdict and judgment in favor of the appellee.

The complaint is in two paragraphs, the first being, in substance, as follows: That in January, 1887, the deceased, desiring to make a loan to one Albert Brown, placed in appellee's hands, as his attorney and agent, the sum of $2,500, and requested and instructed him to loan and pay the said sum to the said Albert Brown, upon the execution by Brown and his wife of a mortgage upon eighty acres of land which he owned in Henry county,

Indiana, but not to pay over said money until said land was clear of all incumbrances; that the appellee undertook the performance of the said matters and the making of said loan, for and on behalf of decedent; that, instead of obeying his instructions, he carelessly and negligently paid over said money to said Albert Brown, while there was a senior mortgage for $1,600 still upon said real estate, the existence of which mortgage was known to the appellee; that both said mortgages were foreclosed, the property sold and bid in by the decedent for $2,900, of which sum after the payment of the first mortgage, the balance was paid upon decedent's mortgage, leaving a balance due thereon of $1,800, which is due and unpaid; that Albert Brown, at the time of making the loan, was, and still is, insolvent; that when the decedent accepted the mortgage he was ignorant of the fact that there was an older mortgage on the property.

The second paragraph contains substantially all the facts alleged in the first, and in addition charges that the appellee purposely defrauded the decedent, in this, that he was the brother of said Albert Brown, and at the time of the making of the loan was surety for him on certain notes to the amount of $2,000, which were then overdue, and that the loan was made in order to save himself from liability as such surety, for the payment of which debts the money borrowed was used. It is also averred in this paragraph that the property mortgaged was worth but $2,900 and was incumbered for $1,600, which appellee well knew at the time he turned over the $2,500.

To the complaint the appellee filed an answer in four paragraphs:

1st. A general denial.

2d. Payment.

3d. That the loan was made under the direction of the

decedent, he having full knowledge of the existence of the prior mortgage.

4th. That, upon the foreclosure of the mortgage, the mortgaged property was sold and bid in by the decedent for $2,900; that it was worth $4,500, which was ample to pay both mortgage debts.

A demurrer was filed and overruled to the fourth paragraph of the answer, and the ruling of the court thereon is the first error assigned in this court.

Under the allegations of the complaint, the decedent directed the appellee, as his agent, to loan the money, when said Albert Brown secured him with a mortgage upon eighty acres of ground, which he owned, said land to be unincumbered. If the appellee disregarded his instructions and loaned the money with a preëxisting mortgage still on the land, he was liable to decedent therefor, if loss resulted therefrom, to the extent of a sum not exceeding the amount of the preëxisting mortgage. An answer in confession and avoidance, in order to withstand a demurrer, must overcome, by affirmative allegations, the *prima facie* case which it confesses and seeks to avoid. *Racer* v. *State, for Use,* 131 Ind. 393.

It is prejudicial to the rights of a plaintiff, and hence error, to hold an answer to be sufficient as a bar to his action, which does not contain facts constituting a defense. *Abdil* v. *Abdil,* 33 Ind. 460; *Over* v. *Shannon,* 75 Ind. 352; *Sims* v. *City of Frankfort,* 79 Ind. 446; *Thompson* v. *Lowe,* 111 Ind. 272; *Messick* v. *Midland R. W. Co.,* 128 Ind. 81; *Scott* v. *Stetler,* 128 Ind. 385.

If the fourth paragraph of the answer is insufficient, the overruling of the demurrer to it would be error, and the judgment would have to be reversed unless it affirmatively appears that the verdict rests wholly upon one or more of the other paragraphs of the answer, which are

good.   *Taylor* v. *Wootan, by Next Friend*, 1 Ind. App. 188; *Glass* v. *Murphy*, 4 Ind. App. 530.

The appellant, in support of his complaint, in addition to establishing what the property sold for on foreclosure sale, introduced a number of witnesses, who testified as to its value, some of whom placed its value at more than $2,900, and one, at least, said it was worth four thousand dollars.   The appellee made proof of its value, but none of his witnesses placed it higher than four thousand dollars, and inasmuch as the original mortgages amounted to $4,100 it is clear the verdict does not rest upon this answer to sustain which it was necessary to establish the fact that the mortgaged property was worth more than the mortgage debts.   Even if the jury had accepted as its value the value placed upon it by appellee's witnesses, they must still find that it did not equal the amount of the two mortgages.   The jury returned a general verdict for the appellee, hence it must have been either upon the theory that the appellant failed to establish his complaint, or that the appellee established one or more of the defenses pleaded in the good paragraphs of his answer.

There was no error in admitting and afterwards in overruling the motion of the appellant to strike out that part of the testimony of Albert Brown relative to a conversation which he had with the decedent before the appellee turned over the money and accepted the mortgage from him, wherein the decedent directed the witness to tell appellee to turn over the money and accept a second mortgage.

Counsel for appellant calls attention to section 500, R. S. 1881, wherein it is provided that "no person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness, in any suit upon or involv-

ing such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract, against the legal representatives or heirs of the decedent, unless he shall be called by such heirs or legal representatives,'' and insist that said Albert Brown was acting as an agent in the making or continuing of a contract; that if the decedent, after placing the money in appellee's hands with special instructions as to how and to whom he was to loan it, should change his mind as to the terms of the loan and should inform the borrower of new terms therefor; that such borrower, in conveying the information to the appellee, was the agent of appellee, and therefore an incompetent witness.

We think this objection untenable. Albert Brown is not a party to this action and can not in any way be considered to have been the agent either of appellee or of the decedent. The appellant sought to recover from the appellee for damages sustained by reason of appellee's neglect of duty, and this evidence went to prove another state of facts which, if established, would show no breach of such duty. It was to establish the contract made between the decedent and said Albert Brown, and if appellee turned over the money to Brown pursuant to the terms of such contract last entered into, without any knowledge even that the decedent had changed the terms of the loan, there would be no breach of duty for which a recovery could be had, although such delivery was contrary to the instructions originally given appellee by the decedent.

The only question to be determined was whether or not the decedent got the security he was to have to insure the repayment of his money. If he agreed to accept a second mortgage, and in fact got it, he could not afterwards complain and recover from appellee because it was not a first mortgage.

The objections to instructions given are not well taken. While in several of the instructions there are expressions which, considered by themselves, would seem to be improper, but when we consider the instructions altogether, we can not see wherein they are erroneous or could in any manner have misled the jury or prejudiced appellant's rights.

It is next insisted that a new trial should have been granted on account of the misconduct of counsel for the appellee in argument to the jury. The record discloses that when counsel for appellee made the objectionable statement, counsel for appellant objected and the court at once stated to the jury that the remarks made by appellee's counsel, to which objection had been made, should not be considered by them. Counsel for appellee then continued his argument, and repeated the remarks to which exception had been taken.

The record then recites as follows: "To which latter statement of the said John F. Robbins the plaintiff at the time objected and excepted." This is not a showing of any ruling of the court upon which error can be predicated. Unless the court below was given an opportunity to correct the error, no valid exception can be saved. If the court was asked to compel counsel to withdraw his statement, to instruct the jury to disregard it, or to discharge the jury on account of such statement, and refused to do so to appellant's injury, and the proper exception was saved, this court would have some question to review, but no question is presented by the record as it comes to us.

We pass again to the consideration of the error in overruling the demurrer to the fourth paragraph of the answer. Courts of appeal will reverse a cause for errors of the court below in making up the issues when injury has resulted. And, as heretofore stated, when the

court has held an answer good on demurrer, which does not state a defense, the presumption arises that the plaintiff was injured by such ruling. However, this court will search the record, and if it finds that the verdict does not rest upon such bad answer, and that the cause has been fairly tried and determined in the court below, the judgment will not be reversed for the error in overruling the demurrer to such answer, the error in such a case being harmless.

It is the object of this court, in reviewing the judgment and proceedings of the court below, to see that justice has been done the parties, and when the record discloses that there has been a fair trial and neither party deprived of a legal right, intermediate errors will not avail. *Board, etc.,* v. *Lomax,* 5 Ind. App. 567, and cases cited.

We think this case was fairly tried and the right result reached, the court having given the appellant greater latitude in making his case than is usual or to which he was entitled in a case of this character.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

REINHARD, J., absent.

Filed Dec. 14, 1893