Reed v. The State.

---

No. 17,427.

REED v. THE STATE.

PRACTICE.—*Misconduct of Counsel.*—*Objections, Ruling of Court Necessary.*—*Question for Supreme Court.*—Unless the record discloses that the court, at the time the misconduct of counsel in arguing the cause is said to have occurred, was called upon by the complaining party to rule upon the objections being made by him, no question is reserved for the Supreme Court.

SAME.—*Affidavits for New Trial.*—*When not Part of Bill of Exceptions.*—Affidavits filed in support of a new trial can not be made a part of the record by the trial judge, in the bill of exceptions, referring to them "as heretofore set out in the record," even though the clerk copy them into the transcript.

CRIMINAL LAW.—*Charge of Murder, Conviction of an Assault and Battery.*—On a charge of murder the defendant can not be convicted of a mere assault and battery or an assault.

INSTRUCTIONS.—*Not Applicable to Case, When Harmful.*—*What Record must Show.*—Instructions should be relevant to the issue and applicable to the evidence; and a violation of this rule is reversible error if it appears that the action of the court tended to injure or harm the the complaining party in his substantial rights; and in order to reverse the case, it must appear of record that the error was harmful or tended to injure the party aggrieved.

SAME.—*Right of Court to Give as Applicable to a Theory of Defense Disclaimed by Defendant.*—If there be any facts or circumstance in the

case, although quite meager, to which instructions might, upon any view, be pertinent (if they contain correct statements of the law), it is not error for the court to give them, although given to the jury upon the theory that they are favorable to the theory of the defense, but which theory the defendant at the time disclaimed.

SAME.—*Theory of Case.*—*Presumption in Favor of Court.*—*Theory of Case Urged in Argument before Jury, Presumption.*—If instructions are given by the court, although very slightly applicable to the evidence, a presumption of their applicability to the theory of the defense will be presumed, although the defendant disclaim, on appeal, the theory to which they are applicable; for it will be presumed that in the argument of the cause before the jury, defendant's counsel assumed that theory as a defense to which they are applicable.

SAME.—*Immaterial Error.*—The party complaining of an instruction must affirmatively show by the record that he was injured by it.

From the Hancock Circuit Court.

*R. W. McBride, C. S. Denny, T. Hanna, C. G. Offutt* and *R. A. Black*, for appellant.

*W. A. Ketcham*, Attorney General, *E. W. Felt, U. S. Jackson, E. Marsh, W. W. Cook* and *M. Moores*, for appellee.

JORDAN, J.—The appellant was, by an indictment of the grand jury of Marion county, charged with the crime of murder in the first degree for the killing of one Samuel Barker, at said county, on the 13th of October, 1893. On a change of venue he was tried upon a plea of not guilty in the Hancock Circuit Court, before a jury, and convicted of voluntary manslaughter, and his punishment assessed at imprisonment in the State's prison for a term of ten years. Over a motion for a new trial, judgment was rendered upon the verdict, from which he has appealed to this court, and has assigned for error the overruling of his motion for a new trial.

A brief outline of the circumstances and facts surrounding the alleged homicide appear to be as follows:

The deceased was an old man engaged in the service of a merchant policeman in the city of Indianapolis,

and on the night of the alleged crime he was employed as a special officer and placed in charge of the door at Mannerchor hall in said city, where a private reception in honor of some prominent German society people was being held. He had been instructed to admit no persons save those that presented a ticket of invitation. The appellant, in company with some companions, after the hour of midnight, came to the hall in a state of intoxication and, without invitation, attempted to force his way into the hall and intrude his presence upon the party assembled within. To prevent this intrusion, the deceased intercepted Reed at the door and shoved him back. This so enraged him that he began to use vile and obscene language and threatened the policeman with bodily harm. He was finally forced away from the door and reached the street, where he continued his violent, abusive and threatening language until the deceased approached within about ten feet of him, when, as it appears, he picked up a stone and threw it with force at Barker, the stone striking the latter on the head, fracturing the skull, from the effects of which he died.

Twelve reasons were assigned for a new trial; of these the first and second relate to the sufficiency of the evidence. At the solicitation of the learned counsel for appellant, we have examined the evidence and feel fully warranted and justified in adjudging that the same clearly sustains the verdict of the jury in every material matter, and that the accused has no grounds for complaint in that respect. Considering all of the evidence, it is apparent to us that the jurors, in finding the appellant guilty of manslaughter, and affixing the penalty which they did, yielded more to the promptings of mercy than they did to the weight of the evidence, for we are of the opinion that the latter would have authorized a conviction of a higher grade of homicide. The

evidence, elicited from the appellant, when he was examined as a witness in his own behalf, construed as an entirety, militates against and destroys his bare denial that he threw the stone in question; while, upon the other hand, apparently creditable eye witnesses testified to seeing the accused cast the missile that struck and killed the deceased.

Appellant complains of the alleged misconduct of attorneys, upon the part of the State, consisting of remarks made by them in their argument to the jury. This contention, which is so earnestly discussed by his counsel, we can not consider upon its merits, for two reasons:

1. The record does not disclose that the court, at the time the misconduct is said to have occurred, was called upon to rule on the question upon objections being made by appellant. The rule of procedure, and the steps necessary to be taken by a litigant who is aggrieved by the misconduct of opposing counsel, are properly stated in *Morrison* v. *State*, 76 Ind. 335; *Staser* v. *Hogan*, 120 Ind. 207; *Coble* v. *Eltzroth*, 125 Ind. 429; *White* v. *Gregory*, 126 Ind. 95; *Ohio, etc., R. R. Co.* v. *Wrape*, 4 Ind. App. 100; *Vannatta* v. *Duffy*, 4 Ind. App. 168.

2. The affidavits in support of the alleged grounds of misconduct assigned in the motion for a new trial, are not in the record by a bill of exceptions or order of court. By reason of the facts that the record discloses no ruling of the court upon the matter in controversy, and the absence from the record of the affidavits that were filed to establish the misconduct in controversy, no question upon this branch of the case is presented for our consideration. It is true, that the clerk has copied certain affidavits into the transcript, without any proper authority for so doing, and the trial judge in his certificate to the bill of exceptions, refers to these affidavits "as heretofore set out in the record;" but nowhere do

we find them embodied in the bill of exceptions or in any legitimate manner incorporated in the record; hence it follows that the matter of reference in the certificate can not serve to make that a matter of record, which is not already properly therein. This rule is so firmly settled and recognized that citation of authorities would be useless.

Appellant complains of the decision of the court below in giving certain instructions, and in refusing others upon his request. The fourth and sixteenth instructions which were refused over appellant's request are as follows:

"4th. The defendant in this case is charged with the commission of the crime of murder in the first degree. This charge includes a charge of murder in the second degree, a charge of manslaughter, a charge of assault and battery, and a charge of assault, upon the principle that the greater includes the less, and under it he may be, if the evidence is sufficient to justify it, convicted of either of these grades of crime."

"16th. You may, if the evidence warrants it, acquit the defendant either of murder in the first degree, murder in the second degree, voluntary or involuntary manslaughter, and convict him of assault and battery or simply of an assault."

The court did not err in refusing both of these instructions.

Under the law in this State, an assault and battery is not included in any of the degrees of homicide in such a manner as to authorize, under a charge of the latter, a conviction of the former. The jury was compelled to convict the appellant, if at all, under the indictment upon which he was tried, of either murder in the first or second degree or of manslaughter, otherwise an acquittal must have resulted.

No such construction, as will support the contention of appellant's learned counsel, to the effect that the jury would have been authorized, under the indictment in the case at bar, if the evidence justified it, to have convicted the appellant of assault and battery, can be placed upon the following sections of the criminal code:   1834, R. S. 1881; 1903, R. S. 1894; 1835, R. S. 1881; 1904, R. S. 1894.   See *Wright* v. *State,* 5 Ind. 527; *Wright* v. *State,* 7 Ind. 324; *Gillespie* v. *State,* 9 Ind. 380; *State* v. *Hattabough,* 66 Ind. 223.

Appellant complains of the action of the trial court in giving instructions numbered nineteen and twenty.

In the nineteenth, the learned judge, presiding at the trial, embodied and stated generally the law applicable to self-defense.

In the twentieth, he applied these principles to certain matters testified to by the appellant, to the effect that Barker's attack upon him was unprovoked and violent; that the latter advanced upon him with his club uplifted as he, appellant, was retreating towards the gutter in the street, and that he thought Barker was going to hit him.

It appears, from the record, that prior to the giving of these instructions, the attorneys for appellant objected to the same, upon the ground that there was no question under the evidence, and no claim by the appellant, that he acted in self-defense, and they expressly disclaimed any defense upon that ground, and requested the court not to give said instructions, or any whatever relating thereto.

The contention of appellant that these instructions were erroneous for the reason that they were not applicable to the evidence in the case, and that the theory of his defense was that the stone with which the deceased

was hit and killed was thrown by some person other than appellant, whose name was unknown.

We concur with his counsel that it is settled by the decisions of this court that instructions should be relevant to the issues in each particular case, and applicable to the facts and evidence therein. *Fahnestock* v. *State*, 23 Ind. 231; *McMahon* v. *Flanders*, 64 Ind. 334, and cases cited; *Moore* v. *State*, 65 Ind. 382; *Nicklaus* v. *Burns*, 75 Ind. 93; Elliott's Gen. Prac., section 899.

A violation of this rule, by the trial court, will constitute reversible error where it is made to appear that the action of the court, in giving such an instruction or instructions, tended to injure or harm the complaining party in his substantial rights. But where the error is not so apparent from the record that it can be said that it was harmful or tended to injure the party aggrieved, a reversal of the judgment does not necessarily result therefrom. *Stockton* v. *Stockton*, 73 Ind. 510; *Worley* v. *Moore*, 97 Ind. 15; *Ricketts* v. *Harvey*, 106 Ind. 564. Elliott's Gen. Prac., section 899.

In view of the fact, therefore, that appellant, in his testimony to the jury, testified to some matters, the substance of which we have heretofore set out, which might have given color, or tended to make it appear to the jurors in the event they believed that appellant did cast the fatal stone, that he was justified in so doing, under the belief, upon his part, that the deceased intended to inflict upon him bodily harm, we can not hold, in a legal sense, that the instructions thus assailed were wholly irrelevant and inapplicable to the evidence. It was the duty of the court, under the statute, at least, to state to the jury all matters of law for their information in arriving at a verdict.

If there were any facts or circumstances in the case, although quite meager, to which the instructions might,

upon any view, be pertinent, provided they were correct in the statement of the law, it would not be error for the court to give them, although they were so given to the jury over the protest and disclaimer of appellant's counsel.

A judge, in his instructions to a jury, has a duty to perform, in the discharge of which he can not be circumscribed or controlled by the protest or disclaimer of a litigant, and if therein error results to the injury of the complaining party a remedy is secured by an appeal to a higher court.

Again, upon another view of the question, the action of the court was proper. It is not disclosed by the record that the statements of appellant to the jury were not referred to, or made use of, by his counsel in their argument in his behalf, and as we are bound to indulge all reasonable presumptions in support of the action of the trial court, we must presume that counsel did exercise this right, and in that event it would have been proper for the court to have correctly advised the jury, under the evidence, upon the law relative to the points made by them in their argument. It follows, therefore, upon either view of the case, that we can not, under the facts therein, hold that the court erred in giving the instructions in controversy.

If it could be conceded that the court did err, as contended for by counsel for appellant, it would not constitute a reversible one for the reason that in our opinion the verdict is right under the evidence, and the instructions could not have been prejudicial to him. *Epps* v. *State*, 102 Ind. 539; *Galvin* v. *State*, 93 Ind. 550; *Strong* v. *State*, 105 Ind. 1.

The record must affirmatively show that the error complained of was harmful to the party aggrieved thereby, or it will not be available in this court. Under sec-

tion 1891, R. S. 1881 (1964, R. S. 1894), we are required to disregard all errors of the lower court, which, in our opinion, did not prejudice the substantial rights of a defendant.   See *Skaggs* v. *State*, 108 Ind. 53, and cases cited; *Deal* v. *State*, 140 Ind. 354.

Appellant also complains of the court's refusal, over his request to give instructions numbered 19, 20, 21 and 22, and in giving on its motion one numbered 23.   It would needlessly extend this opinion and it is also unnecessary for us to set out these instructions.   We have carefully read and considered those given by the court, together with the ones refused, and have come to the conclusion that those given, considered as a whole, fully covered, under the evidence, every phase of the case, and substantially embraced and included all that was properly contained in those refused.

We recognize the rule laid down in the case of *Carpenter* v. *State*, 43 Ind. 371; cited by appellant, under the facts therein, as a correct one, and the same meets with our approval, but the rule stated in the Carpenter case is not applicable to the facts and rulings of the court in the case at bar.

There was no error in refusing the instructions requested.   That part of instruction number 23, which is criticised by appellant, may be, perhaps, in a technical sense, defective, but under the authorities cited, and for the reasons heretofore given, the error, if any, must be held to be harmless.   We can not yield sanction to the contention of counsel that the judgment ought to be reversed.

Appellant was tried and convicted before a jury of his own choice of the lowest grade of homicide, and the penalty assessed was apparently, as we have heretofore said, tempered with mercy.

We are, therefore, unable to find sufficient reasons for

awarding appellant a new trial, and the judgment is affirmed, with costs.

All concur.

Filed April 23, 1895.