Ann PEACHES, Plaintiff-Appellant,

v.

CITY OF EVANSVILLE, Indiana, John Zirkelbach, Defendants-Appellees.

No. 1–878A223.

Court of Appeals of Indiana, First District.

May 9, 1979.

Rehearing Denied June 25, 1979.

See 391 N.E.2d 828.

---

John F. Davis and Richard H. Adin, John D. Clouse and Michael C. Keating, Evansville, for plaintiff-appellant.

John C. Cox, Timothy R. Dodd and Barbara B. Williams, Evansville, Frank G. Carrington, Jr., Evanston, Ill., John C. Ruckelshaus, Ruckelshaus, Bobbitt & O'Connor, Indianapolis, Roy A. Tyler, Evansville, for defendants-appellees.

ROBERTSON, Judge.

Plaintiff-appellant Ann Peaches (Peaches) appeals a negative judgment in favor of defendants-appellees City of Evansville (City) and John Zirkelbach (Zirkelbach).

We affirm.

Peaches brought an action in three counts for the wrongful death of her son, Walter Peaches, Jr. (Walter) alleging, *inter alia*, negligent hiring of Zirkelbach by the City, negligence on the part of Zirkelbach in the shooting death of Walter, and deprivation of Walter's civil rights under 42 U.S.C. § 1983. Walter was fatally shot by Zirkelbach, a police officer for the City, when attempting to flee from the scene of a second degree burglary. At the close of the evidence, the trial court gave the following instruction:

> If you find from a preponderance of the evidence that Officer Zirkelbach reasonably believed and had probable cause to believe that Walter Peaches was fleeing apprehension for a felony, gave a warning to Walter Peaches of his intention to arrest, and fired at the deceased upon a reasonable belief the shooting was necessary to effect his capture as a last resort, you may find that Officer Zirkelbach was justified in the use of deadly force.

> You are further instructed that if Officer Zirkelbach acting in his official capac-

ity as a police officer of the City of Evansville, did, in fact, have probable cause to believe that Walter Peaches had committed a felony on the morning in question, and further that Officer Zirkelbach exhausted all possible means to apprehend Walter Peaches without the use of deadly force and, in fact, used deadly force only as a last resort to apprehend Walter Peaches, after giving notice of his intention to arrest Walter Peaches, you may find that Officer Zirkelbach was justified under law, to use deadly force.

Peaches contends the giving of this instruction was error on the *sole ground* that it established an incorrect standard of conduct because the statute upon which it was based, *Ind.Code* 35–1–19–3,[1] is constitutionally infirm for the reason that if offends the Due Process Clause of the Fourteenth Amendment. The argument proceeds on the assumption that an unconstitutional statute is void *ab initio*; hence, assuming the statute infringes upon due process guarantees, Peaches asserts that Zirkelbach's conduct cannot be adjudged in accordance therewith.

■ We decline to reach the merits of Peaches's constitutional challenge for the reason that we are of the opinion Zirkelbach was justified in relying on the presumptive constitutionality of the statute in issue. In related contexts, our courts have held that as a theoretical matter, unconstitutional statutes are void from their inception; as a practical matter, however, statutes have a *semblance* of validity which will protect good faith actions thereunder. *See Saloom v. Holder*, (1973) 158 Ind.App. 177, 304 N.E.2d 217; *Ulrich, etc. v. Beatty, etc., et al.*, (1966) 139 Ind.App. 174, 216 N.E.2d 737. As such, as believe Zirkelbach's conduct was properly adjudged in light of statutes in effect at the time of the alleged tort and upon which he relied in good faith. Therefore, our resolution of the constitutional claim would be a fruitless exercise.

■ The next issue concerns whether the trial court erred in denying a motion by Peaches to use the Federal Rules of Evidence. Peaches argues that since she was attempting to establish a federal claim under 42 U.S.C. § 1983, her federal rights could only be fully protected by the use of the Federal Rules of Evidence. Peaches then directs us, without citation of supporting authority, to certain excluded testimony which would purportedly have been admissible under the Federal Rules. Likewise, Peaches cites no direct authority for the proposition that the F.R.E. must govern. Nevertheless, we find it difficult to believe that our rules of evidence are so restrictive as to deprive citizens of their right to have a full and fair opportunity to vindicate federal rights in the forums of this State. Moreover, Indiana courts are not among those "federal" courts for whom the Federal Rules of Evidence are deemed applicable. F.R.E. 101, 1101. The trial court's denial was not in error.

■ Peaches next alleges error in the trial court's refusal to permit the testimony of one Ludwig to the effect that Zirkelbach, while off duty, had fired three shots into a van after the van had knocked over some garbage cans in front of his residence. This incident occurred over two years *after* the shooting death of Walter. Peaches contends it was admissible in her case-in-chief since it was relevant as "subsequent conduct." The essence of this argument, although couched in various conceptual constructs, is that this incident showed a predisposition or tendency to use deadly force unreasonably. Or, stated differently, Peaches sought to introduce the evidence to show other negligent acts by Zirkelbach as tending to prove that he was negligent in the shooting of Walter. The trial court correctly ruled, however, that Peaches had failed to establish a foundation consisting of similar conditions surrounding both occurrences. Courts are naturally reluctant in a negligence action to admit evidence of other negligent conduct because of the inevitable injection of collateral matters which would unduly hamper the fact-finding process. Thus, the proponent of such

1. For present law, *See* IC 35–41–3–3.

evidence must lay a firm foundation of similar circumstances to ensure that the probative force of the proffered testimony will outweigh the injection of extraneous matters. *See generally McCormick's Handbook on Evidence* § 200 (1972). This Peaches failed to do.

■ Alternatively, Peaches contends that this evidence was admissible to impeach by contradiction Zirkelbach's testimony that he had never used deadly force against a misdemeanant. First, a witness may not be impeached by specific bad acts which have not been reduced to a conviction. *Swan v. State*, (1978) Ind., 375 N.E.2d 198. Second, impeachment evidence to contradict is admissible only if it could have been introduced in the case-in-chief, i. e., collateral matters are improper for contradiction. *Lee v. State* (1976) Ind.App., 349 N.E.2d 214; *Bryant v. State*, (1973) 261 Ind. 172, 301 N.E.2d 179. As noted above, the evidence was not proper in Peaches's case-in-chief; therefore, it would not have been proper for impeachment purposes. We also note that remoteness in time could have' served as a sufficient basis to exclude testimony in the exercise of the trial court's discretion. *Shaw v. Shaw*, (1973) 159 Ind. App. 33, 304 N.E.2d 536. The evidence was properly excluded.

■ Peaches next alleges error in excluding testimony to the effect that he told his mother, "They shot me down like a dog", soon after the shooting incident in issue.[2] It is well settled that we will not reverse a trial court's rejection of evidence unless the evidence is vital to the case and was erroneously refused. *Auto-Teria, Inc. v. Ahern*, (1976) Ind.App., 352 N.E.2d 774. Again, the test for relevancy is a minimal one; however, relevant evidence may properly be excluded where its probative force is outweighed by its tendency to arouse the emotions of the jury. *Smith v. Crouse-Hinds Company*, (1978) Ind.App., 373 N.E.2d 923. We confess our inability to

discern the relevancy of such testimony to any matter vital to Peaches's case. Moreover, the inflammatory nature of the statement is abundantly clear. Hence, we do not believe the trial court demonstrated an abuse of discretion in excluding the proffered testimony.

■ Peaches next asserts error in the trial court's denial of her challenge for cause of Timohty Goad during voir dire. Mr. Goad indicated that he favored the defense because he knew the "hassles" police go through. He also stated that if he had a choice he would require Peaches to prove her case beyond a reasonable doubt. Nevertheless, he answered affirmatively to questions propounded by the court to the effect that he would base a decision solely on the evidence introduced at trial, would follow the court's instructions (including proof by a preponderance), and would weigh the credibility of each witness. After reading the record in this particular, we are satisfied that Mr. Goad was sufficiently impressed with and understood his duty as a juror. As in a criminal case, we think the denial of a challenge for cause should be reviewable only for an abuse of discretion. *See, e. g., Stevens v. State*, (1976) 265 Ind. 396, 354 N.E.2d 727; *Riggs v. State*, (1976) 264 Ind. 263, 342 N.E.2d 838. No abuse has been shown.

■ Peaches next alleges error in the admission of certain business records relating to Walter's term of employment at the Executive Inn. We presume that these records were offered on the issue of damages. It is axiomatic that in addition to establishing error in the admission of evidence, the complaining party must also demonstrate harm or prejudice. *Ashley v. City of Bedford*, (1974) 160 Ind.App. 634, 312 N.E.2d 863. Since Peaches did not prevail on the issue of liability, error, if any, has not been shown to be harmful since the evidence went only to the issue of damages.

---

2. Although the issue is framed as error in the granting of a motion in limine directed to the statement, the grant or denial of such a motion generally occasions no error; rather, it is the admission or exclusion of the evidence at trial which is subject to review. *Marsh v. Lesh*, (1975) 164 Ind.App. 67, 326 N.E.2d 626.

Peaches next alleges error in refusing to give the following tendered instruction:

You are instructed that at the time of this incident there was in force a statute in Indiana which reads as follows:

"If, after notice of the intention to arrest the defendant, he either flees or forcible resists, the officer may use all necessary means to effect the arrest."

If you find by a preponderance of the evidence that at the time and place of the incident in question the defendant violated the above and foregoing statute, without any justification or legal excuse therefor, and that such violation proximately caused the incident and damages complained of, and if the defendants have not proved their affirmative defense, then I instruct you that the plaintiff, Ann Peaches, can recover and you may return a verdict for her.

Peaches contends she was entitled to this instruction because a violation of the aforementioned statute would be negligence *per se*. We disagree for the reason that in order for a violation of a statute to be negligence *per se*, the statute must prescribe an absolute duty, *i. e.*, the jury need not consider the surrounding circumstances in determining whether the actor exercised reasonable care. *Board of Commissioners of Miami County v. Klepinger*, (1971) 149 Ind.App. 377, 273 N.E.2d 109. The above statute, however, does not impose an absolute duty irrespective of the particular facts and circumstances. The phrase "the officer *may* use all *necessary* means" clearly requires a factual inquiry into the surrounding circumstances and thus falls far short of establishing an absolute duty which will justify liability regardless of the facts accompanying the officer's conduct. As such, the refusal was not error.

Peaches next contends it was error to instruct the jury that a police officer may presume that a statute or regulation is constitutional. *See Wiley v. Memphis Police Department*, 548 F.2d 1247, 1251 (6th Cir. 1977), *cert. denied*, 434 U.S. 822, 98 S.Ct. 65, 54 L.Ed.2d 78. We have already stated that Zirkelbach's standard of conduct should be considered in the light of his legitimate reliance on such a presumption and thus need not consider this contention further.

 Lastly, we decline the invitation to judicially abrogate the long standing rule in this state that the measure of damages for the wrongful death of a child does not extend beyond the age of majority.

Finding no reversible error, the trial court is in all respects, affirmed.

Affirmed.

LOWDERMILK, P. J., and LYBROOK, J., concur.