Ernest Robert YOUNG, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–1282A333.

Court of Appeals of Indiana, Third District.

July 18, 1983.

---

2. If the objection was not recorded, Ind.Rules of Procedure, Appellate Rule 7.2(A)(3)(c) should be applied.

Susan K. Carpenter, Public Defender of Indiana, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Appellant Ernest Robert Young was distributing religious literature on a street corner in Gary on December 20, 1980. At one point in the day George Coleman approached Young, began to harass and swear at him, and then left. Later that day Young gave Danita Chin a ride to work while he was driving home.

Chin worked at Charlie's Carry Out, an establishment which provides hot dogs and hamburgers for its patrons. Young and Chin were discussing some of Young's emotional problems over a bag of french fries when Coleman walked in the shop. Upon seeing Young, Coleman approached him, began swearing at him, and grabbed Young's arm. At this point Young pulled out a gun and administered three fatal shots to Coleman.

Young was charged with and tried for murder. At trial Young presented evidence in support of his claim that he acted in self-defense. However, the jury chose not to believe his story and returned a verdict of guilty of voluntary manslaughter.[1] This appeal results.

On appeal Young raises three issues:

(1) whether the trial court erred in failing to strike the opinion testimony of Settie Rowe regarding the reputation of the decedent in the community;

(2) whether the trial court erred in admitting the testimony of Settie Rowe wherein she identified a photograph of her brother as such identification had been stipulated to by the parties; and

(3) whether the evidence was sufficient to support his conviction.

Appellant's first argument centers on the testimony of Settie Rowe who was a witness for the State and decedent's sister. It is appellant's contention that Rowe had no personal knowledge of decedent's reputation in the community and could not testify in that regard. The specific answer and surrounding discussion about which appellant complains is set out below:

Question by State's Attorney T. Edward Page:

"Does George have a reputation in the community for peace and quietude?"

Answer by Settie Rowe:

"Yes."

By Fred Work:

---

1. Ind.Code § 35–42–1–3 (Burns 1979 Repl.).

"Yes, he has a reputation? I'm going to move that answer be stricken. I object to the form of the question...."

By the Court:

"You have to establish that she is familiar with that reputation, Counsel."

■ Appellant contends the trial court erred in failing to strike the testimony objected to. A thorough search of the record fails to uncover any indication that the court ever ruled on appellant's objection. Where the court fails to rule on a party's motion or objection, no error is preserved for review. *Reed v. State* (1895), 141 Ind. 116, 40 N.E. 525; *Welsh, Executor v. Brown* (1893), 8 Ind.App. 421, 35 N.E. 921.

Next appellant contends the court should have stricken Rowe's testimony wherein she identified a State's photographic exhibit as being a photograph of her brother, the decedent. According to appellant this testimony was prejudicial because it induced the jury to be sympathetic to the decedent's sister compelling it to believe her story and form a bias against him. It is appellant's contention that since the parties stipulated to the identity of the decedent they are bound by that stipulation and barred from introducing the testimony of Settie Rowe wherein she identified the photograph of the decedent as depicting her brother, George Coleman.

■ The admission or exclusion of evidence at trial is a matter within the sound discretion of the trial court and will be reversed only for an abuse thereof. *Rust v. Guinn* (1981), Ind.App., 429 N.E.2d 299. The mere fact that the parties stipulated that the decedent was "a George Coleman" does not prohibit the State from placing a witness on the stand to identify a picture of the decedent as her brother, George Coleman. There was no error in the trial court's decision to admit Rowe's testimony at issue.

Appellant also attacks the sufficiency of the evidence in support of his conviction. It is appellant's contention that the State failed to disprove beyond a reasonable doubt that he acted in self-defense as the State is required to by Ind.Code § 35–41–3–2 (Burns 1979 Repl.). Appellant seems to believe that because he is a 72-year-old man the jury must believe that he was justified in killing a 39-year-old man, who was six feet tall and weighed two hundred pounds and was harassing him.

■ When reviewing a challenge to the sufficiency of the evidence, this Court does not reweigh the evidence or rejudge the credibility of witnesses. Only the evidence most favorable to the verdict will be reviewed, and if substantial evidence supports that verdict, it will be upheld. *Johnson v. State* (1980), Ind., 401 N.E.2d 674; *Borden v. State* (1980), Ind., 400 N.E.2d 1368.

■ The issue of whether the State has disproved an accused's claim of self-defense is a question of fact to be determined by the jury. *Dean v. State* (1982), Ind., 432 N.E.2d 40; *Mullen v. State* (1981), Ind.App., 421 N.E.2d 731. The jury must view the incident from the accused's point of view but need not believe his story. *Mullen v. State, supra.* Further, threats alone are not sufficient to warrant the use of deadly force. *DeBoor v. State* (1962), 243 Ind. 87, 182 N.E.2d 250.

In the case at bar there is no evidence that decedent did anything more than threaten appellant on two occasions. Further, there is no evidence that decedent had a weapon or used it to threaten appellant. The mere fact that decedent outweighed appellant and was younger than him is not sufficient by itself to justify the use of deadly force.

■ The jury heard appellant's story and it determined that he acted in the heat of the moment rather than in self-defense. There is ample evidence to support its verdict. For the reasons stated above the conviction is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I respectfully dissent. The parties in this case stipulated to the identity of the victim; therefore, the trial court should not have admitted Settie Rowe's testimony identifying a photograph as her brother, the victim.

I agree with the majority that the admission of evidence rests within the sound discretion of the trial court; however, in the exercise of that discretion, the trial court must weigh the probative force of the evidence offered against its tendency to arouse the emotions of the jury. *Peaches v. City of Evansville* (1979), Ind.App., 389 N.E.2d 322, 326, *cert. denied,* 444 U.S. 1033, 100 S.Ct. 704, 62 L.Ed.2d 669; *Smith v. Crouse-Hinds Co.* (1978), 175 Ind.App. 679, 373 N.E.2d 923, 926 (*trans. denied*). The parties stipulated to the identity of the victim. That stipulation is conclusive upon the parties and the court. *Reynolds Metals Co. v. Indiana Department of State Revenue* (1982), Ind.App., 433 N.E.2d 1, 10. Because the identity of the victim was not at issue, Rowe's testimony that the victim was her brother had no probative value. In allowing the admission of her testimony, the majority attempts to create a distinction that does not exist. Testimony that the victim was Rowe's brother is of no moment in this case. Furthermore, the testimony of the victim's grieving sister was likely to arouse the sympathy of the jurors.

Rowe's testimony not only had no probative force, it also tended to arouse the jury's emotions; therefore, the trial court abused its discretion in allowing her to identify the victim as her brother. I dissent and would reverse Young's conviction and order a new trial.