**Fundador FELICIANO, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 983S339.**

Supreme Court of Indiana.

April 30, 1985.

William E. Davis, East Chicago, Ind., for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, Ind., for appellee.

PRENTICE, Justice.

This is a direct appeal from a conviction of murder under Ind.Code § 35–42–1–1 (Burns 1979 Repl.). Four errors are assigned:

1. The verdict of the jury was not sustained by the evidence;

2. The trial court erred in admitting several photographs of the decedent into evidence;

3. The trial court erred in excluding, as hearsay, certain testimony proffered by the Defendant disclosing that the decedent had, earlier in the evening of the homicide, attempted to provoke a fight with another;

4. The trial court erred in accepting one of two conflicting verdicts.

### ISSUE I

■ The evidence and reasonable inferences therefrom, favorable to the verdict, disclose that the Defendant was employed as a bartender-manager at Angelo's Bar, in Gary. During the late evening or early morning hours of October 22–23, 1982, the victim, Miller, created a disturbance and Defendant summoned the police, who escorted Miller from the tavern. Miller was sober and cooperative and left the premises when told by the police to find another tavern and not to return that evening.

After a brief period following his departure, Miller returned to the tavern, and Defendant telephoned the police to have him arrested. Miller was advised of Defendant's call and approached him, called him objectionable names and threatened him saying that he "had something for him," while patting his coat pocket.

Miller again left the tavern by the front entrance, and Defendant told his assistant, Espinoza, to watch the business and then departed by a side entrance. Almost immediately, a gunshot was heard, and Defendant reentered through the front entrance, announced that he had shot someone and told Espinoza to summon an ambulance while he telephoned the police. When the police arrived, they found Miller dead, in an alley. Defendant told the police that, after he went outside, he called to Miller, who started walking towards him and reached towards his pocket. Defendant interpreted this gesture as an attempt to draw a weapon and, believing himself endangered, shot Miller. No weapon was found on Miller.

It is Defendant's contention that the State produced no evidence that he shot Miller intentionally and also failed to negate his claim of "self defense."

Although we disagree, arguendo, that the evidence was insufficient to sustain a finding that Defendant shot Miller intentionally, it is immaterial, inasmuch as the statute under which he was charged required only that he acted *knowingly*. Ind. Code § 35–42–1–1 (Burns 1979 Repl.), Ind. Code § 35–41–2–2 (Burns 1979 Repl.).

We note our standard of review on this claim:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the charged crime may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor judge the credibility of witnesses." (Citations omitted).

*Loyd v. State*, (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Upon his claim of self defense, Defendant essentially asks us to reweigh the evidence. It is clear, however, that although

Miller had been generally obnoxious and verbally abusive during the course of the events that lead to his death, Defendant was the aggressor in the final episode. Miller had left the tavern and was no threat whatever at the time Defendant followed him outside, and renewed the confrontation.

"The issue of whether the State has disproved an accused's claim of self-defense is a question of fact to be determined by the jury. The jury must view the incident from the accused's point of view but need not believe his story. Further, threats alone are not sufficient to warrant the use of deadly force." (Citations omitted).

*Young v. State,* (1983) Ind.App., 451 N.E.2d 91, 93.

### ISSUE II

Defendant's contention is that reversible error was committed by admitting into evidence, over objection, five photographs of Miller, as he lay dead of a gunshot, in addition to two others portraying the same fact.

■ The admission of photographs into evidence generally lies within the sound discretion of the trial court whose decision may be overturned if such exhibits are not reasonably accurate representations of that which they purport to depict or if they are of such a highly gruesome and inflammatory nature while also being of such minimal relevance that it must be said that their admission could only unfairly incite the jury to act out of passion rather than reason. *See, Webster v. State,* (1981) Ind., 426 N.E.2d 1295, 1297–98; *see also, Akins v. State,* (1981) 429 N.E.2d 232, 236.

■ In this case, however, we find neither that the photographs are of a particularly gruesome or inflammatory nature nor of questionable relevance. Essentially, Defendant complains because the photographs tended to be merely repetitive of others that had been admitted, but exclusion of evidence for this reason is discretionary. Here, we see neither an excess of photographic evidence beyond tactical limitations

nor any potential for harm through impassioned judgments.

### ISSUE III

Defendant offered evidence through one Gonzales of the out-of-court assertions of Miller to the effect that, earlier in the evening of the homicide, Miller had, without provocation, been verbally abusive of him and had challenged him to fight. The trial court excluded the evidence as hearsay. Defendant argues that the testimony was admissible because it was offered only to show that Miller had made unsavory accusations of Gonzales rather than as evidence of their truth.

■ Defendant also contends that the evidence was not offered for the purpose of showing that Miller had a reputation for aggressive violence. If not, however, we fail to see its purpose, and Defendant has apprised us of none; and, consequently, there has been no showing of how he was harmed by the exclusion of the evidence. Inasmuch as there had been no showing or offer to show that Defendant was aware of Miller's alleged act of violence towards Gonzales, evidence of such violence would not have been admissible. *See, e.g. Hobson v. State,* (1984) Ind., 471 N.E.2d 281, 288; *see also, French v. State,* (1980) 273 Ind. 251, 257, 403 N.E.2d 821, 825. It follows that the trial court may have excluded the evidence for the wrong reason but that his ruling was, nevertheless, correct. *Hyde v. State,* (1983) Ind., 451 N.E.2d 648, 650 (if ruling of trial court admitting or excluding evidence was correct, no error will be found if trial court states erroneous reason for the ruling.)

### ISSUE IV

■ Defendant's final assignment is without merit. Two verdict forms had been supplied to the jury: "We, the Jury, find the defendant, Fundador Feliciano, guilty of murder.

_____

Foreman"

and, "We, the jury, find the defendant, Fundador Feliciano, not guilty.

_____

Foreman".

True, both verdict forms were signed and returned in open court. However, the signature of the foreman that had been engrossed upon the not guilty verdict form had been crossed out and the word "void" written across it. Nevertheless, the court polled the jurors upon the guilty verdict, and each acknowledged that it was his verdict. Defendant contends that the trial court should have sent the jury back for further deliberations with new unmarked verdict forms. However, we see no need for such action in view of the clear indication that the foreman had simply committed a clerical error in signing the "not guilty" form and had proceeded to correct the error. Under these circumstances, the polling of the jury was an adequate precaution to ensure against the acceptance of an erroneous verdict. Additionally, there is no showing or claim of any of any dissatisfaction with the procedure having been made at the time the verdict was accepted.

We find no reversible error. The judgment of the trial court is affirmed.

HUNTER, DeBRULER and PIVARNIK, JJ., concur.

GIVAN, C.J., concurs in result.