## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2019, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CassAndrea Jones,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

May 31, 2019

Court of Appeals Case No.
18A-CR-2678

Appeal from the Marion Superior Court

The Honorable Peggy R. Hart, Judge Pro Tempore

Trial Court Cause No.
49G10-1710-CM-40126

**Brown, Judge.**

[1] CassAndrea Jones[1] appeals her conviction for battery as a class A misdemeanor. She raises one issue which we revise and restate as whether the trial court abused its discretion in not admitting certain evidence. We affirm.

### Facts and Procedural History

[2] Jones and Breana Caldwell worked at a mail processing facility in Camby, Indiana, and they had some conflicts while they were working. On July 7, 2017, Caldwell was with one of her friends at a bar in Marion County and saw Jones walk past and into the restroom. Jones was in the restroom for a few minutes, Caldwell was dancing with her friend, "and then that's when [Jones] came out of no-where and she hit [Caldwell] in the face a couple of times." Transcript Volume II at 5. Caldwell sustained a slash near her eye, and it became swollen.

[3] On October 18, 2017, the State charged Jones with battery resulting in bodily injury as a class A misdemeanor. At a bench trial, Caldwell testified that, before Jones attacked her on the night of July 7, 2017, she had not been arguing with Jones, had not spoken to her, and had no kind of contact with her. Jones testified that, as she was walking to the restroom at the bar, she heard Caldwell calling her name and that, in the restroom, she told her friend "hey that's the girl that I was telling you about that has been harassing me at work." *Id.* at 16. When asked what happened after she exited the restroom, she testified "when

---

[1] In her brief, Jones notes that her first name is spelled CassAndrea as she testified at trial. The sentencing order spells her name "CASSANDRA JONES." Appellant's Appendix Volume II at 9.

we came out all I seen was her hand coming to me and ripped my hair off," "it's called like a quick weave—so the whole cap came off with my hair," and "at that moment we were both fighting in a brawl, because her friend jumped in and tried to fight me too." *Id.* at 17. She testified that the security guards separated them and that one of the guards threw her to the ground and she slid across the floor. She testified that, as she was about to get up, Caldwell charged at her, "so, that's when I kicked her," "I'm on the ground, she's running towards me like—trying to get on top of me. So, all I did was kick her," and "to my knowledge that's where the cut came from on her eye." *Id.* Jones indicated that Caldwell later tried to contact her using social media and that, "one (1) night when I was leaving work [], she was following me; and I did record her." *Id.* at 18. When asked to generally describe what the videos showed, Jones stated: "her pulling up next to my car asking me to get out now—it's after work." *Id.*

[4] Jones's counsel moved "to admit these videos as Exhibits A and B" and argued they were relevant "under 404-B section, under 404. Uh, 404, uh A(2)B," "[s]he's an aggressor," and "she is taunting and starting these confrontations." *Id.* at 19. Jones indicated that she had sent her counsel two different files, but they were the same incident, and they were recorded on August 25, 2017. Jones indicated that she recorded the incident through Snapchat, it only records a certain amount of time, and that was why there were two videos. The prosecutor objected to the admission of the recordings and argued they were not relevant and "[i]t's over a month after the fact." *Id.* at 23. Jones's counsel

argued "it is relevant under the exception of Rule 404. It shows her pertinent trait which Defense—it may admit." *Id*. at 23-24. The court stated "I don't think you've established it, so, sustained. And you just haven't established it. You haven't established that that's a trait" and "I would say I sustain it on relevancy purposes as well." *Id*. at 24. Jones's counsel then asked her if, based on her knowledge of Caldwell in the workplace, she believed she is an aggressive person, and Jones responded affirmatively. When asked if Caldwell "behaved hostile to you in the past—[] prior to this incident," Jones again responded affirmatively. *Id*. When asked "[t]hough initially not fearful of Ms. Caldwell, did you become fearful of her over time," Jones answered "Yes." *Id*. at 25. When asked if she was fearful when she saw Caldwell at the bar, Jones replied "Yes." *Id*. at 26. The court found Jones guilty and sentenced her to 365 days suspended except for time served and ordered that she complete sixty hours of community service.

## Discussion

The issue is whether the trial court abused its discretion in not admitting the video recordings. The admission and exclusion of evidence is a matter within the sound discretion of the trial court. *Wilson v. State*, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs where the trial court's ruling is clearly against the logic, facts, and circumstances presented. *Oatts v. State*, 899 N.E.2d 714, 719 (Ind. Ct. App. 2009). Errors in the admission of evidence are to be disregarded as harmless error unless they affect the substantial rights of the party. *Lewis v. State*, 34 N.E.3d 240, 248 (Ind. 2015). To determine whether an

error in the introduction of evidence affected the party's substantial rights, we assess the probable impact of that evidence upon the trier of fact. *See id.*

[6] Jones claims that her video exhibits of Caldwell threatening her several weeks later were relevant to a trait of Caldwell and would have supported the self-defense claim. She argues that excluding her video exhibits of Caldwell's threatening behavior denied her a fair trial on the central question of self-defense and that this Court should reverse her conviction and remand for a new trial. According to the State, in one of the videos Jones is recording another person in a vehicle and saying the person followed her home from work, and the other video is taken while Jones is driving and depicts a white SUV driving next to her, both videos are dark, and the person in the other vehicle can barely be seen. It argues the recordings were not relevant because they show no aggressive conduct from Caldwell and the driver of the SUV is not identifiable on the videos and that, even if Caldwell followed Jones, it would have happened a month and a half after the battery. It also argues that, even if the videos depict Caldwell engaging in aggressive behavior, the video evidence of that character trait was cumulative, that Jones testified that she had been fearful of Caldwell, and both Jones and Caldwell stated they had been in conflicts previously at work which sufficiently showed that there was discord between them.

[7] Ind. Code § 35-42-2-1 provides that a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery and that the offense is a class A misdemeanor if it results in bodily injury to any

other person. Ind. Code § 35-41-3-2 provides that a person is justified in using reasonable force against any other person to protect the person from what the person reasonably believes to be the imminent use of unlawful force.

[8] Ind. Evidence Rule 401 provides that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Evidence Rule 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Evidence Rule 404 provides in part:

> (a) Character Evidence.
>
>> (1) *Prohibited Uses*. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
>>
>> (2) *Exceptions for a Defendant or Victim in a Criminal Case*. The following exceptions apply in a criminal case:
>>
>> * * * * *
>>
>> (B) subject to the limitations in Rule 412,[2] a defendant may offer evidence of an alleged victim's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it; . . . .

---

[2] Evidence Rule 412 relates to proceedings involving alleged sexual misconduct.

[9] Self-defense requires reasonable apprehension of harm by the defendant. *Brand v. State,* 766 N.E.2d 772, 780 (Ind. Ct. App. 2002), *reh'g denied, trans. denied.* When a defendant claims that he acted in self-defense, evidence legitimately tending to support his theory is admissible. *Id.* Evidence of the victim's character may be admitted to show that the victim had a violent character giving the defendant reason to fear him. *Id.* (citing *Holder v. State*, 571 N.E.2d 1250, 1254 (Ind. 1991)). "Evidence of the victim's character may be admitted for either of two distinct purposes: to show that the victim had a violent character giving the defendant reason to fear him or to show that the victim was the initial aggressor." *Holder*, 571 N.E.2d at 1254. "Evidence of specific bad acts is admissible to prove that the victim had a violent character which frightened the defendant." *Id.* "However, only general reputation evidence of the victim's violent nature is admissible to prove that the victim was the initial aggressor." *Id.* "If the defendant wishes to introduce either type of character evidence, she must first introduce appreciable evidence of the victim's aggression to substantiate the self-defense claim." *Id.* "When offering specific bad acts evidence to prove the victim's violent character frightened her, the defendant must also provide a foundation showing that she knew about the specific bad acts in question before she killed the defendant." *Id.* "Although the victim's threats or violence need not be directed toward the defendant, the defendant must have knowledge of these matters at the time of the fatal confrontation between the victim and the defendant." *Brand*, 766 N.E.2d at 780 (citing *Holder*, 571 N.E.2d at 1254; *Feliciano v. State*, 477 N.E.2d 86, 88 (Ind. 1985)).

[10] The video recordings which Jones wished for the trial court to admit into evidence were taken on August 25, 2017, which was well after the July 7, 2017 incident. Caldwell testified that, on July 7, 2017, she observed Jones enter a restroom at a bar and that, after a few minutes, Jones "came out of no-where and she hit me in the face a couple of times." Transcript Volume II at 5. The court was able to consider Jones's testimony that Caldwell attacked her first, that there had been conflicts at work, that she believed Caldwell is an aggressive person, that Caldwell behaved with hostility toward her prior to this incident, and that she became fearful of Caldwell over time and was fearful of her at the bar. Based upon the record as a whole, and in light of all of the evidence, we cannot conclude the court abused its discretion in not admitting the recordings, that the recordings were likely to have a significant impact upon the court as the trier of fact, or that the exclusion of the recordings affected Jones's substantial rights.

[11] For the foregoing reasons, we affirm Jones's conviction.

[12] Affirmed.

May, J., and Mathias, J., concur.