JERRY L. JONES *v.* STATE OF INDIANA.

[No. 2-174A17. Filed May 22, 1975.]

*Theodore M. Koch,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—The only issue presented for review by this appeal is whether the evidence is sufficient to sustain Jerry L. Jones's convictions of robbery[1] and fleeing a police officer.[2]

1. IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956).
2. IC 1971, 35-21-2-1, Ind. Ann. Stat. § 10-1817 (Burns Supp., 1974).

We affirm.

When presented with a challenge to the sufficiency of the evidence, this Court will not weigh the evidence, but will look only to the evidence most favorable to the State and any reasonable inferences therefrom which support the verdict. *Smith* v. *State* (1974), 160 Ind. App. 622, 312 N.E.2d 896. This evidence shows the following:

At about 3 A.M. on December 21, 1972, Jones and Ray Morgan flagged down a cab driven by Lawrence Roberts, and Jones asked him to take them to the 2300 block of Central Avenue in Indianapolis. When Roberts agreed, Morgan got in the back seat and Jones in the front. As the cab neared its destination, Morgan told Roberts to stop, placed what Roberts thought was a pistol barrel in the back of his head and said "Can we get it brother?" Jones then stated, "We'll split it" and Roberts gave Jones some currency from his pants pocket. Jones then asked for the money in a coffee cup wedged on the dashboard and Roberts gave him the cup and its contents. Jones and Morgan then left the cab and ran toward 24th Street. Roberts called police and reported the robbery and the direction the men had gone.

Indianapolis Police Officer Stephen Verplanck was patrolling in the vicinity when the report of the robbery was broadcast on his police radio and he saw Jones running west in the alley between houses in the 2400 block of North Delaware Street. Verplanck called to Jones to stop, verbally identified himself as a police officer and flashed his marked patrol car headlights. Jones turned to look at Verplanck and continued to run. He stopped only when Verplanck fired warning shots. When apprehended, Jones had $43.52 in a paper coffee cup in his pants pocket.

In order to sustain a conviction of robbery, the evidence must show an unlawful taking from the person of another of an article of value by violence or putting in fear. *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790. Jones concedes he unlawfully took money from Roberts; he argues only that his actions did not place Roberts

in fear and that Morgan's act, which Roberts testified did place him in fear, cannot be attributed to him because the evidence shows he was not a willing participant in the robbery.

It is not essential that participation of any one defendant in each element of the crime be established in order to sustain a conviction. *Cline* v. *State* (1969), 253 Ind. 264, 252 N.E.2d 793. In spite of Jones's assertion that he took part in the robbery only because of his fear of Morgan, the evidence most favorable to the State, consisting of Jones and Morgan entering the cab together, Jones's immediate action in taking money from Roberts without any direct request, order or threat from Morgan, his statement indicating he and Morgan would split the money obtained and his flight with the fruits of the robbery, all lead to a reasonable inference that Jones and Morgan acted in unison in committing the robbery and Morgan's act, which placed Roberts in fear, may be attributed to Jones, thus making the evidence sufficient to sustain his conviction of robbery. *id.*

As to Jones's conviction of fleeing a police officer, it may be sustained if, applying the aforementioned standard of review, the evidence shows that Jones intentionally and knowingly fled from Verplanck after Verplanck had identified himself as a police officer and had commanded Jones to stop. IC 1971, 35-21-2-1, Ind. Ann. Stat. § 10-1817 (Burns Supp., 1974). Again the evidence viewed most favorably to the State conflicts with Jones's assertion that he was not made aware of Verplanck's identity as a police officer. Verplanck testified that when he verbally identified himself as a police officer, Jones turned and looked at both Verplanck and at his marked patrol car before resuming his flight. This evidence permits the reasonable inference that when Jones resumed his flight he did so knowing he had been commanded to stop by a police officer and will sustain this conviction.

Judgment affirmed.

NOTE.—Reported at 328 N.E.2d 221.