135 N.J. Super. 13 (1975)
342 A.2d 553
LAURENCE GUDGEON, PLAINTIFF-RESPONDENT,
v.
COUNTY OF OCEAN, NEW JERSEY; BOARD OF CHOSEN FREEHOLDERS, OCEAN COUNTY, NEW JERSEY, AND MARTIN B. ANTON, PROSECUTOR OF OCEAN COUNTY, NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 16, 1975.
Decided June 24, 1975.
*15 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. Robert D. Budesa argued the cause for appellants (Messrs. Berry, Summerill, Rinck & Berry, attorneys).
Mr. John Kuhlthau argued the cause for respondent (Messrs. Kuhlthau, Nagle, Griggs & Goddard, attorneys).
The opinion of the court was delivered by BISCHOFF, J.A.D.
Plaintiff had been employed by the Middlesex County Sheriff's office for 11 years and rose to the rank of captain. He then took and passed a Civil Service examination and accepted a position as a detective in the Ocean County Prosceutor's Office on February 28, 1974. As of that date he had accumulated 177 sick days, 16 vacation days and a 2% longevity pay increment. Subsequent to his appointment in Ocean County he requested that county to accept the transfer of these employment credits. The request was denied. Thereupon plaintiff filed a complaint seeking a mandatory injunction to compel the County of Ocean to accept the transfer of those credits. Following a hearing a judgment was entered in plaintiff's favor, and defendants appeal.
The trial judge, as does plaintiff on this appeal, relied upon N.J.S.A. 40A:9-5, which provides:
Whenever heretofore or hereafter a transfer has been or shall be effected by appointment, assignment or promotion of a municipal employee to any other department or position in municipal employment, or to a position or department of the county government; or of *16 a county employee to any other position or department in county employment, or to a department or position of a municipal government, in counties of the first or second class, the period of such prior service in said county or municipal employment, for any purpose whatsoever, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been transferred.
Defendant first contends this statute only applies to involuntary transfers. This contention is without merit. Five-house v. Passaic Valley Water Comm'n, 127 N.J. Super. 451, 454-455 (App. Div.), certif. den. 65 N.J. 565 (1974); Libby v. Union Cty. Bd. of Chosen Freeholders, 125 N.J. Super. 471 (App. Div. 1973).
Defendant's second contention is more substantial. It argues that a consideration of the legislative history of this statute, as well as the punctuation thereof, indicates a clear intention that the statute was only to apply to transfers involving counties on the first and second classes, and that since Ocean County is a county of the fifth class the statute is not applicable. We agree.
We approach this problem of statutory construction bearing in mind the constitutional mandate that statute concerning counties shall be liberally construed in their favor. N.J. Const. (1947), Art. IV, § VII, par. 11; Bergen Cty. v. Dept. of Pub. Util. of N.J., 117 N.J. Super. 304, 310 (App. Div. 1971).
"The judicial goal is to carry out fairly the legislative principle and plan," N.J. Pharmaceutical Ass'n v. Furman, 33 N.J. 121, 130 (1960), and in seeking to ascertain what that purpose and plan was we must consider any legislative history which may be of aid. State v. Madden, 61 N.J. 377, 389 (1972).
The legislative history of this statute (N.J.S.A. 40A:9-5) has received judicial consideration in the case of Carroll v. Caufield, 80 N.J. Super. 472, 479 (Law Div. 1963). As it is there indicated, the predecessor to the statute under consideration was R.S. 40:11-5 and the preamble to that act read:
*17 An Act to conserve the seniority rights of municipal employees and county employees appointed, transferred, assigned or promoted, to other positions or departments in the municipal employ, or in the county service, in counties of the first class of this State. [Id. at 479]
and when introduced the bill was accompanied by the following statement:
At the present time, on account of the lack of legislation on the subject, municipal or county employees, in counties of the first class of this State, who have been appointed, transferred, assigned or promoted to other positions or departments, must begin as new employees thereby losing their seniority rights, which their previous service entitled them to. This act merely establishes a seniority right which has heretofore been denied. [Id.]
The statute was thereafter amended to apply to counties of the second class as well as those of the first class. L. 1933, c. 154, par. 1.
This legislative history clearly indicates that N.J.S.A. 40A:9-5 was intended to apply only to counties of the first and second classes.
This conclusion is buttressed by consideration of principles of grammatical construction. Where a comma is used to set a modifying phrase off from previous phrases, the modifying phrase applies to all the previous phrases, not just the immediately preceding phrase[1]. 82 C.J.S. Statutes § 334 at 672; cf. N.J. Ins. Underwriting Ass'n, v. Clifford, 112 N.J. Super. 195, 204 (App. Div. 1970); T.I. McCormack Trucking Co. v. United States, 298 F. Supp. 39, 41 (D.C.N.J. 1969). In the instant case, therefore, the modifying phrase "counties of the first or second class" refers to both the phrase "position * * * in county employment" and the phrase "position of a municipal government."
*18 We, therefore, conclude that the statute in question, insofar as it applies to county employees, applies only to employees in counties of the first and second classes.
Plaintiff alternatively argues here, as he did below, that since the county prosecutor and the county sheriff are constitutional officers, their respective employees are employed "in the classified Civil Service of this State" and as such the provisions of N.J.S.A. 11:11-3 and N.J.S.A. 11:11-4 and the provisions of N.J.A.C. 4:1-17.13[2] and N.J.A.C. 4:1-17.19[3] provide for a transfer of earned employment credits.
We disagree.
Although the county prosecutor and county sheriff are, indeed, constitutional officers, their respective employees are county employees, and they are not in the "classified Civil Service of this State." Rather, they are in local government service. N.J.A.C. 1:2.1[4].
The judgment for plaintiff is reversed and judgment is entered for defendant.
NOTES
[1] This is the converse of the general rule that qualifying words refer solely to the immediately preceding word. See State v. Wean, 86 N.J. Super. 283, 288 (App. Div. 1965); State v. Congdon, 76 N.J. Super. 493, 502 (App. Div. 1962); 2A Sutherland, Statutory Construction (Sands, 4 ed. 1973), § 47.33 at 159.
[2] N.J.A.C. 4:1-17.13 provides: "When an employee is transferred within the State service any unused vacation leave shall be certified by the former unit to the Department of Civil Service."
[3] N.J.A.C. 4:1-17.19 provides: "In the State service when an employee is transferred from one unit to another, his accumulated sick leave allowance shall be certified by the former unit to the Department of Civil Service."
[4] N.J.A.C. 1:2.1 provides: "Local government service" means the offices and positions in the Civil Service of any county, municipality, school district, authority or other public corporation operating under the provisions of the Civil Service Law.