**Bryant Steven JOHNSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 979S249.

Supreme Court of Indiana.

March 17, 1980.

William T. Lawrence, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Dewitt Banks, Jr., and appellant, Bryant Steven Johnson, were charged with attempted murder in the shooting of James Sherron on September 28, 1978. After a jury trial, appellant Johnson was found guilty as charged and on April 17, 1979, he was sentenced to imprisonment for thirty (30) years. From this judgment, he appeals.

Appellant's sole claim of error is that he merely asserts the jury's verdict was not supported by sufficient evidence in that the State failed to carry its burden of proving the defendant was involved in the crime or that he had the essential intent to commit the crime.

James Sherron, the victim, operated a barber shop. On September 28, 1978, he was giving a permanent wave to a patron when the door opened and a supply clerk from a beauty supply company came in, followed by Dewitt Banks, Jr., and appellant Johnson. The supply clerk stumbled to one side and Banks and Johnson fired revolvers at Sherron. Sherron backed up into a restroom, waited for sounds of pursuit and later returned to the front of the shop. Ambulance attendants took him to Methodist Hospital.

Sherron had been struck twice in the chest and once in his side by two .38 caliber bullets and one .32 caliber bullet. Surgeons removed one kidney, his aorta and half of his stomach. His aorta was replaced with a plastic one. He remained in the hospital six weeks.

■ In reviewing the issue of the sufficiency of the evidence, we consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. We neither weigh the evidence nor determine the credibility of witnesses. If there is then substantial evidence of probative value to support every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Ruetz v. State*, (1978) Ind., 373 N.E.2d 152.

■ The victim, Sherron, testified that appellant Johnson was one of the two men who shot him. Sherron had picked out a photograph of Johnson and identified him in court. There was other testimony that these three men had known each other prior to the shooting incident. Johnson testified that he was in the barber shop waiting to have his hair cut. He claimed some man, who was not Banks, shot Sherron, and that this one person fired two shots. However, Sherron was shot three times by bullets from two guns of different caliber, one a .38 and the other a .32. In addition, appellant argues there was no evidence of intent to kill. The victim was shot at and struck in the chest and side by three bullets from two different guns. Johnson was identified as one of the men who shot him. The element of intent to kill may be inferred from the use of a deadly weapon in a manner reasonably calculated to cause death. *Bradberry v. State*, (1977) 266 Ind. 530, 364 N.E.2d 1183; *Liston v. State*, (1969) 252 Ind. 502, 250 N.E.2d 739.

The evidence in this case was sufficient to support appellant's conviction.

The judgment of the trial court is affirmed.

All Justices concur.