Bobby Lee SPEARS,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 2–480 A 94.

Court of Appeals of Indiana,
Fourth District.

Nov. 3, 1980.

Arnold Paul Baratz, Indianapolis, for appellant–defendant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee–plaintiff.

MILLER, Judge.

On October 25, 1970, Defendant Bobby Lee Spears was found guilty by a jury of theft of an automobile, a Class D felony, and resisting law enforcement, a Class A misdemeanor. On appeal he questions the sufficiency of the evidence to support both convictions.

■ Our standard for reviewing questions of sufficiency of evidence is well known. We must view the evidence in a light most favorable to the state. We do not weigh the evidence nor judge the credibility of the witness, that is the province of the jury. Although there may be conflicts in the testimony, the evidence may still support the jury's conclusions. We will reverse a conviction only upon a finding that reasonable persons would be unable to form inferences as to each material element of the offense. *E.g., Johnson v. State*, (1980) Ind., 401 N.E.2d 674.

The evidence shows that on June 4, 1979 Richard Fishback, an Indianapolis Police Officer, was driving his private car in civilian clothes from his home en route to his part time employment at a Hook's drugstore when the stolen car came up behind him quickly and almost hit his car. It did this a second time squealing the brakes to avoid hitting him. The car then went around him and turned onto a one–way street going the wrong direction. Fishback went around the block and came upon the car as it was going over a curb in an attempt to get onto another one–way street headed in the wrong direction. At this point Fishback got out of his car approaching the car with his police badge and radio in hand and gun in sight. When he was approximately three feet away from the car it sped away in reverse. A high speed chase ensued ending when the car reached a road dead–ended by a railroad embankment. Two people got out of the car and ran up the hill and onto the highway. Only Spears was apprehended and arrested.

■ Here Spears contends there was not sufficient evidence to support the verdict of theft on the issue of exertion of unauthorized control. In essence he asks us to reweigh the evidence supporting his identification as the driver of the car. This we can not do. *Willard v. State*, (1980) Ind., 400 N.E.2d 151. Fishback identified Spears as the driver of the car. Apparently the jury chose to believe his testimony over that of Spears's sister and brother–in–law who testified they had seen him as a passenger in the car earlier. We will not overturn their determination.

Spears questions the sufficiency of the evidence to support his conviction for resisting law enforcement on the contention that there was no evidence that Fishback ordered him to stop. He appears to contend that Fishback had to have *audibly* commanded him to stop to fulfill the requirement of "ordered" in the statute.

To resolve this question we must examine the statute. IC 35–44–3–3 in pertinent part reads:

"(a) A person who knowingly or intentionally:

.    .    .    .    .

(3) flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop;

commits resisting law enforcement."

■ We must determine if it was the legislature's intent for us to read the statute as Spears suggests. To do so we first must determine if the legislature's intent is made clear by the plain wording of the statute. In doing so it is proper and pertinent to examine such things as punctuation. *White v. Livengood*, (1979) Ind.App., 390 N.E.2d 696, 698.

■ Here, the wording of the statute requires us to reject Spears's contention. Commas set off the modifying phrase "by visible or audible means" which precedes the verbs "identified" and "ordered". Where commas set off a modifying phrase it is evidence that the phrase was intended

to apply to all principles instead of only the one adjacent to it.[1] *Gudgeon v. County of Ocean, N.J.,* (1975) 135 N.J.Super. 13, 342 A.2d 553; 2A Sutherland, *Statutory Construction* (Sands, 4th ed. 1973) § 47.33; 82 C.J.S. *Statutes* § 334; *also see T.I. McCormack Trucking Co. v. U.S.,* (1966 D.C.) 251 F.Supp. 526 (1969 D.C.) 298 F.Supp. 39. If the legislature had intended the construction Spears proposes the statute would have been written as:

(a) A persons who knowingly or intentionally:

.    .    .    .    .

(3) flees from a law enforcement officer after the officer has identified himself by visible or audible means and ordered the person to stop . . .

commits resisting law enforcement.

■ This wording would indicate that the phrase "by visible or audible means" was intended to modify *only* the verb "identified". From the language chosen we can conclude that the phrase "by visible or audible means" was intended to modify both "identified" and "ordered".

■ Therefore, the elements of the offense are (1) knowingly or intentionally; (2) fleeing from an officer; (3) after the officer has by visible or audible means (a) identified himself and (b) ordered the person to stop.

■ It follows then that the evidence need not show Fishback audibly ordered Spears to stop, he could have done so visually. We believe Fishback's actions were sufficient to be a visual order to stop. The circumstances surrounding the incident including the fact that the officer had approached within three feet of Spears clearly indicate that a reasonable person would have known he had been ordered to stop. The evidence shows that this was Fishback's intention[2] and from his actions one could infer nothing else. Therefore, the evidence supports the jury's conclusion that when Spears sped away from the scene he knew he had been commanded to stop by a police officer. *See Jones v. State,* (1975) 164 Ind.App. 252, 253, 328 N.E.2d 221.

Finding no reversible error we affirm.

CHIPMAN, J., concurs.

YOUNG, P. J., concurs in part, dissents in part with opinion.

YOUNG, Presiding Judge, dissenting.

I would reverse Spears' conviction for resisting arrest. There is no evidence that the police officer ordered Spears to stop either verbally or by any visual gesture. If Spears was not ordered to stop he cannot be guilty of resisting law enforcement. Disobeyance of the order is an essential element of the offense.

I concur in that portion of the opinion affirming Spears' conviction for theft of an automobile.

1. This is the converse of the general rule that modifying words refer solely to the adjacent word or phrase. *Mandina v. U.S.,* (1973 8th Cir.) 472 F.2d 1110; *People v. Thomas,* (1970) 45 Ill.2d 68, 256 N.E.2d 794; 2A *Sutherland, Statutory Construction* (Sands, 4th ed. 1973) § 47.33.

2. The following exchange occurred at trial:

"Q. Officer, the Prosecutor asked you at the time you got out of your vehicle, did you order the defendant or this other person to halt and you answered that you attempted to do so by showing your identification. Is your answer no, you did not order them to halt and stop?
A. No, my answer is that I attempted, when I showed them my identification, I anticipated them to get out of the car at that time.
Q. It was your intent to stop them?
A. Yes.
Q. Did you ever say "Halt, stop"?
A. I didn't have any opportunity.
Q. So your answer is no?
A. Yes."