STATE OF NEW JERSEY IN THE INTEREST OF S. Z. AND M. C., JUVENILE-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted December 16, 1980—Decided January 5, 1981.

Before Judges FRITZ, POLOW and JOELSON.

*Roger Breslin, Jr.*, Bergen County Prosecutor, attorney for appellants (*Fred Schwanwede*, Assistant Prosecutor, of counsel and on the brief).

No brief filed on behalf of respondent.

The opinion of the court was delivered by

JOELSON, J. A. D.

This is an appeal by the State from the granting of defendants' motions at the end of the State's case for dismissal of complaints against them in the Juvenile and Domestic Relations Court.

The complaints which were tried jointly charge that each juvenile "did throw a stone and break the front window of complainant's place of business . . .". They further state that if committed by an adult, "these acts would constitute a violation of 2C:17–3(1)." It is obvious that this statutory reference is to *N.J.S.A.* 2C:17–3 a(1), and the trial court so considered.

The basis for defendants' motions was that the facts as alleged in the complaints and proved by the State did not constitute a violation of *N.J.S.A.* 2C:17–3 a(1). The State contends that these motions were untimely because governed by *R.* 3:10–3. The State also argues that even if the motions were properly to be considered on their merits, the trial judge erred in dismissing the complaints. We agree on both points raised by the State and reverse.

■ The gravamen of the motions for dismissal was that the mere act of throwing the rocks through the window as alleged in the complaints was not sufficient to justify a finding of violation of *N.J.S.A.* 2C:17–3 a(1) because that statute requires as an element the employment of fire, explosives or other dangerous means. These are clearly the kinds of motions covered by *R.* 3:10–3 which should not be considered during trial. *R.* 3:10–3 provides as follows:

> The defense that the indictment or accusation fails to charge an offense and the defense that the charge is based on a statute or regulation promulgated pursuant to statute which is unconstitutional or invalid in whole or in part may only be raised by motion either before trial or within 10 days after a verdict of guilty or within such further time as the court may fix during such 10–day period, or on appeal. Such defenses shall not be considered during trial.

We are satisfied that *R.* 3:10–3 applies to complaints in the Juvenile and Domestic Relations Court. *R.* 3:1–1 provides that the rules in Part III govern practice and procedure in all

criminal proceedings "except in juvenile delinquency and criminal proceedings in the juvenile and domestic relations court which are otherwise expressly provided for in Part V." We find nothing in Part V which otherwise provides. Thus since *R.* 3:10–3 controls, the motions should clearly not have been considered during trial.

 Furthermore, the trial judge erred in his interpretation of *N.J.S.A.* 2C:17–3 a(1), which provides as follows:

A person is guilty of criminal mischief if he:

(1) Damages tangible property of another purposely, recklessly, or negligently in the employment of fire, explosives or other dangerous means listed in section 2C:17–2a...

If the construction of the trial court were to be accepted, purposeful or reckless acts of damage to property would not be forbidden unless accomplished by the use of fire, explosives or the dangerous means listed in 2C:17–2 a such as causing flood, avalanche, collapse of a building, or release or abandonment of poison gas or radioactive material. No such construction is justified because it is an established rule of construction that "words of relation *prima facie* refer to the nearest antecedent." *State v. Wean,* 86 *N.J.Super.* 283, 288 (App.Div.1965). It is a principle of statutory construction that where no contrary intention appears, "referential and qualifying phrases refer solely to the last antecedent", here the word "negligently". *State v. Congdon,* 76 *N.J.Super.* 493, 502 (App.Div.1962); 2 A *Sutherland Statutory Construction,* (3d ed. Rev.1973) § 47.33, *p.* 159. If the Legislature had intended to require the use of fire, explosives or other dangerous means listed in *N.J.S.A.* 2C:17–2 a in order to constitute the offense, it would have inserted a comma after the word "negligently." *N. J. Bank v. Palladino,* 77 *N.J.* 33, 45 (1978). *Gudgeon v. County of Ocean,* 135 *N.J.Super.* 13, 17 (App.Div.1975).

 The remaining question centers around whether a retrial would constitute unconstitutional double jeopardy. If the motions addressed to the validity of the complaints had been made

properly under *R.* 3:10–3, they would not have been considered during trial. Hence, double jeopardy would not have been a consideration. Surely we should not let the juveniles profit by the failure of their counsel to abide by the *Rules,* and make the motions either before or after trial. Furthermore, there was no verdict of acquittal on the facts. It has been held that a defendant who chooses to seek termination of proceedings against him on a basis unrelated to factual guilt of the offense of which he has been accused can not claim injury cognizable under the double jeopardy concept if the government is permitted to appeal from such a ruling in favor of the defendant. *United States v. Scott,* 437 *U.S.* 82, 98 *S.Ct.* 2187, 57 *L.Ed.*2d 65 (1978), rehearing den. 439 *U.S.* 883, 99 *S.Ct.* 226, 58 *L.Ed.*2d 197 (1978); *Sanabria v. United States,* 437 *U.S.* 54, 98 *S.Ct.* 2170, 57 *L.Ed.*2d 43 (1978); *State v. Barnes,* 84 *N.J.* 362 (1980).

■ The mere commencement of a case does not automatically entitle a defendant to a bar of further prosecution. Absent state arrogance, not at all evident here, the reason for the termination of the case is the controlling factor. *State v. Laganella,* 144 *N.J.Super.* 268 (App.Div.1976), app. dism. 74 *N.J.* 256 (1976). "Manifest necessity" and "the ends of public justice" are the guidelines and goals under the circumstances of each case. *State v. Rechtshaffer,* 70 *N.J.* 395, 405 (1976): Thus, the granting of a mistrial upon a defendant's motion due to some unexpected circumstance not caused by oppressive conduct on the part of the state does not mechanistically bring into play the double jeopardy protection. *State v. Farmer,* 48 *N.J.* 145 (1966), *cert.* den. 386 *U.S.* 991, 87 *S.Ct.* 1305, 18 *L.Ed.*2d 335 (1967). Fairness and reasonable expectation in the light of constitutional and common law goals should control, not technicalities. *State v. Currie,* 41 *N.J.* 531, 539 (1964); *State in the Interest of L. D.,* 174 *N.J.Super.* 263 (App.Div.1980).

Reversed and remanded for a new trial.