Paul BOLEN, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–481A104.

Court of Appeals of Indiana, Third District.

Jan. 18, 1982.

Susan K. Carpenter, Public Defender, M. E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Paul Bolen appeals his conviction for intimidation, a class D felony for which he was sentenced to a term of four years. The three issues raised by Bolen are:

(1) whether the trial court erred in failing to give one of Bolen's tendered instructions;

(2) whether the evidence is sufficient to support the jury's verdict; and

(3) whether the trial court erred in admitting the testimony of a police officer into evidence.

The evidence most favorable to the judgment reveals that on or about June 30, 1980 Paul Bolen threatened to kill the LaGrange County Prosecutor, Michael Yoder, unless Yoder caused warrants to be issued for the arrest of two police officers. Bolen also demanded the return of certain guns which he alleged the two police officers had stolen from him. Additionally, Bolen threatened to kill John Grossman, one of the police officers involved.

IC 1971, 35-45-2-1 (Burns 1979 Repl.) (now amended) provides:

"Intimidation.—(a) A person who communicates a threat to another person, with the intent that the other person engage in conduct against his will, commits intimidation, a class A misdemeanor. However, the offense is a class D felony if the threat is to commit a forcible felony.
(b) 'Threat' means an expression of intention to:

(1) Unlawfully injure the person threatened or another person or damage property;

(2) Unlawfully subject a person to physical confinement or restraint;

(3) Commit a crime;

(4) Unlawfully withhold official action, or cause such withholding;

(5) Unlawfully withhold testimony or information with respect to another person's legal claim or defense, except for a reasonable claim for witness fees or expenses;

(6) Expose the person threatened to hatred, contempt, disgrace, or ridicule; or

(7) Falsely harm the credit or business reputation of the person threatened."

The elements of the offense are: 1) communicating a threat, 2) to another person, 3) with the intent that the other person engage in conduct against his will.

■ Bolen initially argues that the trial court erred in refusing to give the following instruction:

"You are hereby advised that a Statute duly enacted and in force in the State of Indiana provides as follows:

Whenever any prosecuting attorney shall receive information of the commission of any felony he shall cause process to issue from a court having jurisdiction to issue the same, to the proper officer, directing him to subpoena the person therein named likely to be acquainted with the commission of such felony or misdemeanor, and shall examine any person so subpoenaed before such court touching such offense, and if the facts thus elicited are sufficient to establish a reasonable presumption of guilt against the party charged, said court shall cause so much of

said testimony as amounts to a charge of a felony or misdemeanor to be reduced to writing and subscribed and sworn to by such witness, whereupon such court shall cause process to issue for the apprehension of the accused as in other cases."

This tendered instruction, in essence, is IC 1971, 33–14–1–3 (Burns Code Ed.). According to Bolen, it was error to refuse this instruction because it addressed an essential element of the offense, i.e., intent. Bolen argues that the statute imposes a duty on the prosecutor and that Bolen's insistence that Yoder perform his duty does not constitute an insistence that Yoder do something against his will.

Whether the statute imposes a duty on the prosecutor is irrelevant. Once Yoder indicated that he did not believe that he could issue the warrants for the arrest of the two officers in good faith and could not return Bolen's guns, any threat of physical force was necessarily with the intent to force Yoder to engage in conduct against his will. If indeed a person has a duty to act and refuses to do so, there exist legal methods through which performance can be mandated. This Court will neither encourage nor condone the use of threats of physical force to accomplish what is within the province of the judicial system. The trial court did not err in refusing Bolen's tendered instruction.

■ Bolen next challenges the sufficiency of the evidence, arguing that the evidence is insufficient with regard to his intent. Again, Bolen asserts that he was merely insisting that the prosecutor perform his duty and not any acts against his will. As noted previously however, the existence of a duty does not negate the criminality of Bolen's threats. The evidence is sufficient.

Finally Bolen asserts as error the trial court's admission of Officer Hammer's testimony. Bolen objected to testimony of conversations between Bolen and Hammer which occurred prior to the threats on the grounds of relevancy.

■ "Relevance is the logical tendency to prove a material fact. The absence of a direct link goes only to the weight of the

evidence and not to its admissibility." *Young v. State* (1980), Ind., 409 N.E.2d 579, at 581–582. Accordingly, rulings of a trial judge on the relevancy of evidence are given wide latitude on appeal. *Brames v. State* (1980), Ind., 406 N.E.2d 252.

■ The testimony objected to discloses that on June 27, 1980 Bolen called Yoder "a little Amish son-of-a-bitch" and that Bolen "intended to get him." Record at 294. Hammer also testified that on June 28, 1980 Bolen talked in general terms about Yoder being the cause of all his problems. Bolen then took Hammer to the back of his van and showed him a clip from an automatic weapon and stated, "I'm going to kill him," referring to Yoder. Record at 297. Although these statements may not have necessarily constituted a crime inasmuch as Yoder was not present at the time, they show that Bolen had talked of killing Yoder shortly before he actually threatened Yoder. A material issue in this case was whether Bolen actually told Yoder that he would kill him. The evidence is therefore relevant. It was within the province of the jury to weigh this evidence.

For the foregoing reasons, the conviction is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.