**Jack HYDE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 28S01–8812–CR–967.**

Supreme Court of Indiana.

Dec. 8, 1988.

Mary M. Runnells, Robert C. Price, Bloomfield, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

ON CRIMINAL PETITION
FOR TRANSFER

GIVAN, Justice.

In a published opinion, *Hyde v. State* (1988), Ind.App., 525 N.E.2d 627, the Court of Appeals reversed appellant's conviction of Intimidation, a Class D felony, and Resisting Law Enforcement, a Class A misdemeanor. We grant the State's petition for transfer and affirm the trial court.

The facts are: On March 14, 1987, Officer Don Fish of the Jasonville Police Department received a telephone call concerning a neighborhood dispute. Officer Fish had encountered appellant on prior occasions and knew that appellant owned a sawed-off shotgun and had been informed that appellant had stated that he intended to kill Officer Fish with the shotgun. When Fish arrived at the scene, appellant's neighbor, Peter Cantu, informed the officer that while walking his dog the Hydes' dog "came at him" and Cantu hit Hydes' dog with a chain. Appellant's sister, Brandi Hyde, confronted Cantu in a belligerent manner concerning the treatment of their dog. Later appellant went to the Cantu home and confronted Cantu.

Officer Fish then proceeded to cross the street to the Hyde residence where Brandi was seated on the porch, and appellant was pacing directly behind her. As the officer approached, both Brandi and appellant cursed at him and told him to get off their property. The officer attempted to calm them and to discuss the dog problem, but appellant said, "I'm going to blow you away." The officer asked him if that were a threat or a promise and appellant pointed his finger and said, "Mother fucker I'm going to blow you away." The officer then informed appellant he was under arrest for intimidation of an officer and reached for his handcuffs. However, appellant turned and ran up the steps into the house. The officer ordered him to stop, but appellant entered the house and locked the door. The officer then elected not to force his way into the house but informed Brandi that appellant was under arrest and that police officers would return and take him

into custody. The following day police officers arrested appellant.

█ The Court of Appeals reversed this case on the ground that appellant's ownership of a sawed-off shotgun was improperly placed into evidence, taking the position that the shotgun was not used in the threat, and the fact of its existence was immaterial to the charges. However, Judge Sullivan wrote a dissenting opinion on this subject with which we totally agree. Officer Fish had full knowledge that appellant owned a sawed-off shotgun and had made prior threats to kill him. The officer was acting totally within his proper official capacity in informing appellant that he was under arrest.

█ When appellant turned and fled into the house and locked the door, Officer Fish would have been fully within his rights to pursue him and complete the arrest. However, his knowledge of the shotgun and appellant's prior threats intimidated him to the point of discontinuing his pursuit of appellant and required him to seek assistance in making the arrest. Although the officer showed good judgment in not pursuing appellant into the house and in calling for assistance, the fact nevertheless remains that it was appellant's intimidation that required this action on the part of the officer. The fact that appellant had retreated into his own home where Officer Fish had every reason to believe the shotgun was available to appellant was the most compelling part of the intimidation. As stated in Judge Sullivan's dissenting opinion, "Establishment of the required intent to cause an individual to engage in conduct depends upon the facts and circumstances surrounding the offense. *People v. McKendrick* (1985), 138 Ill.App.3rd 1018 [93 Ill.Dec. 462], 486 N.E.2d 1297." *Id.* at 631.

Judge Sullivan goes on to state, "Those facts and circumstances are also relevant to whether the communication may be objectively viewed as a true threat.", citing *State v. Abu–Isba* (1984), 235 Kan. 851, 685 P.2d 856. *Id.* at 631. Judge Sullivan is also correct in his observation that the facts in the case at bar are strikingly sim-

ilar to the facts in *Bolen v. State* (1982), Ind.App., 430 N.E.3d 398.

Judge Sullivan used the following quotation from the *Bolen* case:

"The testimony objected to discloses that on June 27, 1980 Bolen called Yoder 'a little Amish son-of-a-bitch' and that Bolen 'intended to get him.' Record at 294. Hammer also testified that on June 28, 1980 Bolen talked in general terms about Yoder being the cause of all his problems. Bolen then took Hammer to the back of his van and showed him a clip from an automatic weapon and stated, 'I'm going to kill him,' referring to Yoder. Record at 297. Although these statements may not have necessarily constituted a crime inasmuch as Yoder was not present at the time, they show that Bolen had talked of killing Yoder shortly before he actually threatened Yoder. A material issue in this case was whether Bolen actually told Yoder that he would kill him. The evidence is therefor relevant." *Id.* at 401.

We hold the trial court did not err in admitting evidence of appellant's ownership of the sawed-off shotgun or his threat to blow Officer Fish away.

■ In addition to the above issue, appellant claims the verdict was contrary to law because there was no evidence of essential elements of intimidation. As above pointed out, the elements of intimidation were established by evidence that the officer knew appellant owned the shotgun, appellant had threatened the officer, and upon his arrest, appellant fled from him. This demonstrates an abundance of evidence to substantiate the elements of intimidation. The jury was well within its province to infer that Officer Fish was in fact intimidated by appellant to the extent he was unable to complete the arrest at that time. *McCann v. State* (1984), Ind., 466 N.E.2d 421.

■ Appellant claims there is no evidence that he knowingly and intentionally resisted arrest. The evidence is clear in this case that Officer Fish advised appellant he was under arrest, and as he approached appellant to place handcuffs on him, appellant turned and fled from the officer. This action coupled with his threat as above discussed clearly presents evidence of knowingly and intentionally resisting arrest. *Spears v. State* (1980), Ind. App., 412 N.E.2d 81. Appellant's actions clearly come under the statute, Ind.Code § 35-44-3-3(a)(3).

■ claims the sentence is manifestly unreasonable. He bases his claim in part upon the fact that when the judge originally sentenced him he stated as one of his reasons for the severity of the sentence that appellant showed no remorse for his crime. The judge later withdrew that reason. The trial judge did give as reasons for his sentence that there was a question of appellant violating conditions of parole, and a reduction of the sentence would depreciate the seriousness of the crime. The trial court's stated reasons were sufficient to support the sentence.

We would further observe that the facts in this case clearly call for a severe sentence. When any person in a confrontation with a police officer points his finger at the officer and tells him he is going to blow him away, and when the officer attempts to arrest that person that person resists the arrest and flees, such facts clearly support a severe sentence.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with separate opinion.

DICKSON, J., dissents.

DeBRULER, Justice, dissenting.

The majority opinion misses the mark in several respects. First, it views the fact of appellant's ownership of a sawed-off shotgun as a fact or circumstance relevant to whether appellant's communication to Officer Fish may be "objectively viewed as a true threat", citing Judge Sullivan's dissenting opinion for the Court of Appeals, citing *State v. Abu–Isba* (1984), 235 Kan. 851, 685 P.2d 856, when such fact has no such bearing. Second, it views the same fact of appellant's ownership of the sawed-

off shotgun as also relevant to whether he intended at the time of his communication that Officer Fish engage in conduct against his will. Third, it wrongly considers evidence in support of the intimidation conviction.

Resolution of the first relevancy question calls for consideration of an actor and an observer. The actor, here appellant, makes a verbal and physical statement. The observer, here Officer Fish, receives the statement. That which would aid the observer in arriving at an objective view of the statement would include what was known by him and what was perceived by him through the senses. Prior statements and conduct of the actor known to the observer would aid at arriving at a judgment. The content of the alleged statement, the manner in which it was made and the scene in which it was made would also be useful. However, the actor's ownership of a gun, as distinguished from what the observer had been told about a gun, could not have aided the observer in forming an objective view or judgment of whether appellant's conduct was a true threat or not. Such fact was irrelevant for that purpose.

Resolution of the second relevancy question focuses upon the actor's state of mind at the time of his communication. The question presented is whether at the time of the communication, the actor intended to then and at that point compel the observer to alter his course against his will. The fact that the actor owned a gun would not tend to prove that he had the intent that the observer engage in conduct against his will. There is no connection between appellant's ownership of a gun and this alleged crime of intimidation. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657. It was therefore irrelevant.

Finally, the majority considers appellant's conduct in running into the house and locking the door as constituting evidence of a prior intimidation. I disagree. That conduct was no more nor less than a response to Fish's announcement of the arrest and use of handcuffs. In any event, and without doubt, the evidence of guilt was not so substantial as to warrant hold-ing the erroneous admission of the evidence of appellant's ownership of a gun harmless. I agree with the Court of Appeals majority that error occurred at the trial warranting a new trial. I therefore respectfully dissent.