746 N.E.2d 400 (2001)
In the Matter of H.J., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 46A04-0010-JV-434.
Court of Appeals of Indiana.
April 17, 2001.
*401 Donald W. Pagos, Michigan City, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Appellant Respondent, H.J., a juvenile appeals an adjudication finding her to be a delinquent child for the crime of Intimidation, Ind.Code § 35-45-2-1, an act which would be a Class A misdemeanor if committed by an adult.
We affirm.

ISSUE
H.J. raises one issue on appeal, which we restate as follows: whether the State submitted sufficient evidence to adjudicate H.J., a delinquent child, for the crime of Intimidation, a Class A misdemeanor if committed by an adult.

FACTS AND PROCEDURAL HISTORY
During the 1999-2000 school year, S.J., H.J., and N.S. were in biology class together at LaPorte High School in LaPorte, Indiana. In the last week of March 2000, H.J. and N.S. prepared a list of teachers and students entitled "LaPort-o-cide." At the trial court, H.J. testified the list was made up of those persons she and N.S. did not like. Others testified that the list was made up of people they hated. P.R., another student in the biology class, testified that he heard the girls referring to the list as the names of people they would kill with small arms, guns, and knives on the 20th of April, the anniversary of the Columbine High School shootings.
During this time, S.J. noticed that she and her brother were on the list. S.J. first *402 thought that the list was a joke, but later became worried when H.J. and N.S. told her that the list was serious. She asked H.J. and N.S. to remove her and her brother's name from the list. Then, shortly thereafter, out of concern for her and her brother's life, S.J. reported the list to school officials, including James Menne (Menne), the assistant principal of LaPorte High School and LaPorte City Police Officer Dennis Behenna (Behenna), liaison to the LaPorte Community Schools. At the fact-finding hearing, Menne testified that during this meeting S.J. was visibly upset.
On or before March 31, 2000, H.J. and N.S. made threats of physical harm to S.J., knowing that S.J. had spoken to school officials about the list. N.S. and H.J. told S.J., "We're gonna put a gun to your head" and "We'll pull the trigger and it'll only hurt for 30 seconds." (R. 86). S.J. reported this next incident to Behenna saying that her name was put back on the list and she was going to be the first one to go. Behenna testified that on that day S.J. was very upset and needed to be transported to the nurse's office to calm her down.
When the students returned from spring break on April 10, 2000, S.J. was again threatened for reporting the list to the school officials, by another student, allegedly conveying the message for H.J. and N.S.
On April 20, 2000 the State filed a delinquency petition alleging that H.J. was a delinquent child who had committed an act that would constitute Intimidation, a Class A misdemeanor if committed by an adult.
On August 16, 2000, the trial court conducted a fact-finding hearing. After hearing the evidence, the juvenile court determined that H.J. was a delinquent child.
This appeal followed.

DISCUSSION AND DECISION

Sufficiency of the Evidence
H.J. claims that the State's evidence was insufficient to support the finding that she committed Intimidation, a Class A misdemeanor, if committed by an adult. Specifically, H.J. argues that as a matter of law her conduct did not constitute a violation of the statute. She further argues that the threats she made to S.J. were nothing more than idle statements and were not in retaliation of a prior lawful act. We disagree.
Our standard of review for sufficiency challenges is well-settled. When this court reviews sufficiency of the evidence claims with respect to juvenile adjudications, we neither reweigh the evidence nor judge the credibility of the witnesses. Fields v. State, 679 N.E.2d 898, 900 (Ind.1997); Moran v. State, 622 N.E.2d 157, 158 (Ind. 1993). We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. Blanche v. State, 690 N.E.2d 709, 712 (Ind.1998).
The State is required to prove, beyond a reasonable doubt, that the juvenile committed the charged act. Moran, 622 N.E.2d at 159. The Due Process Clause of the United States Constitution protects an accused against conviction, "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." J.T. v. State, 718 N.E.2d 1119, 1122 (Ind.Ct.App.1999) (quoting In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970)). This protection applies to juveniles as well as adults. J.T., 718 N.E.2d at 1122. Thus, when the State seeks to have a juvenile adjudicated to be delinquent for committing an act that would be a crime if committed by an adult, the State must *403 prove every element of that crime beyond a reasonable doubt. Id.
Ind.Code § 35-45-2-1 defines Intimidation as follows:
(a) A person who communicates a threat to another person, with the intent that:
(1) the other person engage in conduct against his will; or
(2) the other person be placed in fear of retaliation for a prior lawful act; commits intimidation, a Class A misdemeanor.
H.J. first argues that the State's evidence is insufficient because the statements she made to S.J. do not, as a matter of law, amount to threats. She argues that the statement, "We're gonna put a gun to your head" and "We'll pull the trigger and it'll only hurt for 30 seconds," can only amount to idle communication and not a threat as defined by Ind.Code § 35-45-2-1. (R. 86). Our legislature has defined threat as, "an expression by words or action of an intention to unlawfully injure the person threatened or another person, or damage property." Ind.Code § 35-45-2-1(c)(1). In Hyde v. State, 531 N.E.2d 472, 473 (Ind. 1988), our supreme court, with regard to the elements of Intimidation, stated, "[e]stablishment of the required intent to cause an individual to engage in conduct depends upon the facts and circumstances surrounding the offense ... Those facts and circumstances are also relevant to whether the communication may be objectively viewed as a true threat."
Here, the evidence supports the finding S.J. viewed H.J.'s statements as a true threat and not as a joke or idle communication as H.J. argues. S.J. asked H.J. whether the list was a joke; and H.J. told her that it was serious. S.J. believed H.J. and reported the list to school officials out of fear for her and her brother's lives. Additionally, after S.J. reported the list, H.J. threatened S.J. again by telling her, "We're gonna put a gun to your head" and "We'll pull the trigger and it'll only hurt for 30 seconds." (R. 86). She also believed that her and her brother's names were put back on the list. Again, based on these statements, she feared for her life. S.J. testified at the fact finding hearing that she believed that the threats were real. The school official, Behenna, also testified that when S.J. reported the threats to her, she was visibly upset and needed to be transported to the nurse's office. Viewed objectively and in the light most favorable to the judgment including all reasonable inferences, these threats could be considered real and qualify as such under the definition given in Ind. Code § 35-45-2-1. This is a question of fact which the trier could reasonably determine. H.J.'s argument here is nothing more than an invitation to reweigh the evidence. We decline to accept this invitation.
H.J. next asserts that there was no evidence that the threats against S.J. were made in retaliation for the prior lawful act of reporting the list. In support of this contention, H.J. cites to Casey v. State 676 N.E.2d 1069, 1072 (Ind.Ct.App.1997), in which this court stated that in order to sustain a conviction under the Intimidation statute the State must prove beyond a reasonable doubt that the accused intended to place the victim in fear of retaliation for a prior lawful act. In that case, Casey got into an altercation with Kimberly and her friends at a bar. Later that evening, Casey and his friends went to Kimberly's home. Kimberly went outside and pleaded with Casey to leave, but he refused, he instead told her, "Get inside bitch, you're next." Id. at 1071. Casey then asked for his gun and told Kimberly and her friends that he was going to kill all of them. Shortly thereafter, Casey hit one of Kimberly's friends in the head with a baseball *404 bat and yelled to Kimberly that she was going to be next. Based on those facts, the State charged Casey with Intimidation. At trial and on appeal, Casey argued that given those circumstances, it was not clear that Casey threatened Kimberly in order to place her in fear of retaliation for a prior lawful act. The State argued that Casey retaliated because Kimberly was engaged in the lawful acts of being a patron at a bar, and being at her house. This court disagreed, holding that given the circumstances along with the statements Casey made to Kimberly, it would not be reasonable to conclude that there was a retaliation for the prior lawful act of being at the bar. Id. at 1073. The State did not meet its burden of proof to convict Casey of Intimidation. Id. Therefore, this court vacated Casey's conviction and sentence for Intimidation. Id.
Based on Casey, H.J. proposes that we reverse her conviction for Intimidation because the statements themselves do not demonstrate the reasons for the threat. She argues that like Casey the evidence here is insufficient to show that H.J. made the statements to H.J. in retaliation for a prior lawful act of reporting the list.
In Casey this court said, "the record does not support the State's contention that he was retaliating for any of these actions. Under these circumstances, we cannot say that the State met its burden." Id. at 1073. However, in the instant case, there are circumstances that would lead a reasonable person to believe that H.J. retaliated against S.J. for a prior lawful act. Unlike Casey, where there was no evidence from which the trier of fact could reasonably infer that Casey had threatened Kimberly with the intent to place her in fear of retaliation for a prior lawful act, here the record does support the State's charges that H.J. threatened to retaliate against S.J. for S.J.'s prior lawful act of reporting the list. The record reveals that H.J. made threats of physical harm to S.J., knowing S.J. had spoken to school officials. S.J. testified that after she had reported the list to school officials, she became aware that the girls knew she had turned them in and then they threatened her by saying, "We're gonna put a gun to your head" and "We'll pull the trigger and it'll only hurt for 30 seconds." (R. 86). Additionally, Menne testified that S.J. had spoken with him and was fearful for her life because she had reported the list. (R. 102). Another school official also testified to the fact that H.J. was retaliating against S.J. because she reported the list. He said, "[S.J.] came into my office on that day to tell me that she had been threatened by [N.S.] and [H.J.] because she had come forward with this information and reported it to the administration and also to myself, and she was told that she was put back on the list and she was gonna be the first one to go." (R.111, 112).
Based on these circumstances and facts, we find there was sufficient evidence for the trier of fact to infer, beyond a reasonable doubt, that H.J. threatened S.J. with the intent of placing her in fear due to S.J.'s report of the list.

CONCLUSION
Based on the foregoing, we find that the State presented sufficient evidence to support H.J.'s conviction for committing Intimidation, an act which would be a Class A misdemeanor if committed by an adult.
Affirmed.
ROBB and DARDEN, JJ., concur.