**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**WILLIAM BYER, JR.**
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEITH D. BOTT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1312-CR-1058 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C02-0905-FC-221

**June 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Keith D. Bott appeals the revocation of his probation. He alleges the evidence is not sufficient to establish he violated his probation by committing the Class A misdemeanor intimidation.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 1, 2009, Bott was charged with Class C felony forgery[2] and Class D felony attempt to obtain controlled substance by fraud or deceit.[3] Bott entered a plea agreement, and his resulting sentence was four years on probation.

On September 26, 2013, the State filed an Amended Notice of Violation of Probation that alleged Bott committed intimidation. An evidentiary hearing was conducted on November 5, 2013, at which Bott's father, Timothy K. Bott, and a family friend, Cynthia Miller, testified.

Timothy testified Bott telephoned him multiple times between August 22, 2013, and September 13, 2013. In these calls, Bott claimed he would be "coming with artillery" and he was the "angel of death." (Tr. at 7-8.)

Miller testified she received fifteen to twenty calls from Bott starting on September 4, 2013, and she had charges filed against Bott for the threats he was making in these phone calls. In one voicemail Bott left for Miller, Bott stated: "I'm going to round you up and we're going to shoot every one of you God-damned nasty-assed females in the head . . . you wanna play snitch and God, you're going to go down for your shit . . . ." (Ex. A.) Miller

---

[1] Ind. Code § 35-45-2-1.
[2] Ind. Code § 35-43-5-2.
[3] Ind. Code § 35-48-4-7.

identified the caller as Bott because in the voicemail Bott said his full name. Timothy also identified Bott as the caller on Miller's voicemail.

The trial court found that the State proved by a preponderance of the evidence that Bott had committed intimidation. It revoked Bott's probation and ordered him to serve his remaining sentence in the Department of Correction.

## DISCUSSION AND DECISION

There was sufficient evidence to prove Bott violated the terms of his probation by committing intimidation. Probation revocation proceedings are civil in nature and the violation need be proved by only a preponderance of the evidence. Ind. Code § 35-38-2-3(e); *Thornton v. State*, 792 N.E.2d 94, 96 (Ind. Ct. App. 2003). When reviewing the revocation decision, we consider only the evidence most favorable to the judgment without assessing credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We affirm unless the trial court abused its discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005).

If a person on probation commits another crime, the court may revoke probation. Ind. Code § 35-38-2-1(b). It is not necessary that the State show the probationer was convicted of a new crime. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). The State must demonstrate the commission of that new crime by only a preponderance of the evidence. *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013).

To establish Bott committed Class A misdemeanor intimidation, the State was required to show Bott (1) communicated a threat, (2) to another person, (3) with intent that

3

the other person be placed in fear of retaliation for a prior lawful act. *See* Ind. Code § 35-45-2-1(a)(2). The trial court found Bott communicated threats to Miller by making phone calls and leaving voicemails that contained threats. The issue is whether the State proved by a preponderance of the evidence that Bott made the phone calls with intent to put Miller in fear for a prior lawful act. Bott argues there was no prior lawful act for which he was threatening Miller. In *Casey v. State*, we addressed the meaning of "prior lawful act":

> BLACK'S LAW DICTIONARY 885 (6th ed.1990), defines "lawful" as: "Legal; warranted or authorized by the law; having the qualifications prescribed by law; not contrary to nor forbidden by the law; not illegal." "Retaliation" is defined as "to repay in kind; to return for like; to get revenge." WEBSTER'S COLLEGIATE DICTIONARY 999 (10th ed.1993). Construing these words together, it is apparent that the legislature intended to require the State to prove that the victim had engaged in a prior **act**, which was not contrary to the law, and that the defendant intended to repay the victim for the prior **lawful act**.

676 N.E.2d 1069, 1072 (Ind. Ct. App. 1997).

In *H.J. v. State*, 746 N.E.2d 400 (Ind. Ct. App. 2001), H.J. argued there was no evidence her threats against a fellow student were made in retaliation for a prior lawful act. H.J. and another student prepared a list of teachers and students entitled "LaPort-o-cide." *Id.* at 401. They referred to the list as the names of people they would kill. *Id.* S.J. noticed she and her brother were on the list, and she reported it to school officials. *Id.* After learning S.J. had reported the list, H.J threatened to kill her. *Id.* at 402. The court inferred H.J.'s threats were related to the lawful act of S.J. turning in the list of names H.J. created. *Id.* at 403. The court therefore found H.J. had committed intimidation. *Id.* at 404.

Reporting improper behavior to authorities is commonly called "snitching." *Merriam-*

*Webster Online Dictionary,* http://www.merriam-webster.com (last visited May 29, 2014).

Snitching is the act for which Bott threatened Miller in the voicemail. Bott said "You wanna play snitch and God, you're going to go down for your shit . . . ." (Ex. A.) As we have no reason to hold that "play[ing] snitch and God" are unlawful acts, the trial court correctly inferred Bott was threatening Miller in retaliation for a lawful act. *See H.J.*, 746 N.E.2d at 403 (holding report of improper behavior to authorities was lawful act and that threats made in retaliation therefore constituted crime of intimidation).

## CONCLUSION

As there was sufficient evidence for the court to infer by a preponderance of the evidence that Bott committed intimidation, we find no abuse of discretion in the revocation of his probation. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.