## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 16 2019, 6:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.L.H., <br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Petitioner.* | September 16, 2019 <br><br> Court of Appeals Case No. <br> 19A-JV-564 <br><br> Appeal from the <br> Dubois Circuit Court and the <br> Martin Circuit Court <br><br> The Honorable <br> Nathan A. Verkamp, Judge <br> (Dubois) <br> The Honorable <br> Lynne E. Ellis, Judge (Martin) <br><br> Trial Court Cause Nos. <br> 19C01-1802-JD-72 <br> 51C01-1810-JD-85 |

**Kirsch, Judge.**

[1] Contending that the evidence was insufficient to support his adjudication as a delinquent child, M.L.H. appeals the juvenile court's determination that he committed two counts of intimidation, which would have been Level 6 felonies if committed by an adult.

[2] We affirm.

## Facts and Procedural History

[3] M.L.H. was an eighth-grade student at Jasper Middle School in Dubois County, Indiana. On February 14, 2018, M.L.H. made threatening statements to three classmates. M.L.H. told T.W., a classmate, that M.L.H. wanted to commit a crime identical to the Parkland, Florida shootings. *Tr. Vol. 2 at 59.* Another classmate, N.R.H., heard M.L.H. say, "That he wanted -- that he hated everybody in the school and wanted to shoot the school up on the last day, and everybody in it." *Id.* at 7. She also heard M.L.H. say that he planned to "shoot all the teachers and students" on the last day of school. *State's Ex. 2.* Another student, H.R., heard M.L.H. talking about guns and his desire to shoot people; H.R. also heard that M.L.H. had a list of people to shoot. *Tr. Vol. 2 at 51-52.*

[4] School officials were notified two or three days after M.L.H. made the threatening statements. M.L.H. was suspended by school personnel for one day and then returned to his regular classes. He was again suspended by the school on the evening before the last day of classes.

On February 26, 2018, the State filed a petition alleging that M.L.H. had committed acts that, if committed by an adult, would constitute three separate acts of intimidation as a Level 6 felony. A fact-finding hearing was held in the Dubois Circuit Court on July 13, 2018, and, on July 18, 2018, the juvenile court found M.L.H. to be a delinquent child for having committed two counts of intimidation for the actions directed at T.W. and N.R.H.

After the hearing in Dubois County, M.L.H. moved his residence to Martin County, and the matter was transferred to the Martin Circuit Court on September 25, 2018. A dispositional hearing was held on December 19, 2018, and, pursuant to an agreed disposition, the juvenile court placed M.L.H. on probation for six months and ordered him to perform sixteen hours of community corrections, make restitution, submit to counselling, and pay the costs and fees of the proceeding. M.L.H. now appeals.

## Discussion and Decision

When the State petitions to have a juvenile adjudicated as a delinquent for committing an act that would be a crime if committed by an adult, it must prove every element of that crime beyond a reasonable doubt. *H.J. v. State*, 746 N.E.2d 400, 402-03 (Ind. Ct. App. 2001). In reviewing a juvenile delinquency adjudication, we neither reweigh the evidence nor judge the credibility of witnesses, and we consider only the evidence most favorable to the judgment and the reasonable inferences therefrom. *C.S. v. State*, 735 N.E.2d 273, 276 (Ind. Ct. App. 2000), *trans. denied*.

[8] At the time M.L.H. made his statements, the intimidation statute, Indiana Code section 35-45-2-1, provided, in relevant part:

> (a) A person who communicates a threat to another person, with the intent:
>
> . . . .
>
> (2) that the other person be placed in fear of retaliation for a prior lawful act; or
>
> (3) of:
>
> (A) causing:
>
> (i) a dwelling, a building, or other structure; or
>
>   . . . .
>
> to be evacuated; or
>
> (B) interfering with the occupancy of:
>
> (i) a dwelling, building, or other structure; or
>
>   . . . .
>
> commits intimidation, a Class A misdemeanor.
>
> (b) However, the offense is a:

(1) Level 6 felony if:

(A) the threat is to commit a forcible felony;

. . . .

(d) "Threat" means an expression, by words or action, of an intention to:

(1) unlawfully injure the person threatened or another person, or damage property;

. . . .

(3) commit a crime;[or]

. . . .

(8) cause the evacuation of a dwelling, a building, another structure, or a vehicle.

[9] Whether any given statement constitutes a threat is an objective question for the trier of fact. *Newell v. State*, 7 N.E.3d 367, 369 (Ind. Ct. App. 2014), *trans. denied*. The defendant's intent may be proven by circumstantial evidence alone, and knowledge and intent may be inferred from the facts and circumstances of each case. *Chastain v. State*, 58 N.E.3d 235, 240 (Ind. Ct. App. 2016), *trans. denied*. A defendant need not speak directly with a victim to communicate a threat for purposes of Indiana Code section 35-45-2-1. *E.B. v. State*, 89 N.E.3d 1087, 1091 (Ind. Ct. App. 2017). To communicate a threat for purposes of the

offense of intimidation, the statement must be transmitted in such a way that the defendant knows or has good reason to know the statement will reach the victim. *See Ajabu v. State*, 677 N.E.2d 1035, 1043 (Ind. Ct. App. 1997).

[10] In *S.D. v. State*, 847 N.E.2d 255 (Ind. Ct. App. 2006), *trans. denied*, a juvenile told a teacher and several students that she would kill another teacher (who was not in the room) and use grenades to blow up the school, and she did not care if the listeners told the absent teacher. *Id*. at 256. This court determined S.D. communicated the threat because she knew or had good reason to know that the victim would hear her statements. *Id*. at 258-59. *See also*, *Newell*, 7 N.E.3d at 370 ( finding sufficient evidence that the defendant intended to communicate a threat to the victim, the manager of an apartment complex, because defendant made the threat in the presence of a security guard who the defendant knew would report the threat to the manager).

[11] M.L.H. contends that he was just talking to himself when he made the statements at issue and that there was no communication of the threats. A number of M.L.H.'s classmates disputed M.L.H's contention that he was just talking to himself when he made his threats. T.W. heard M.L.H. say that he wanted to mirror the Parkland, Florida shooting and "wanted to do the same thing." *Tr. Vol. 2* at 59. N.R.H., another classmate, said she heard M.L.H. say that he "hated most people in the school," was "going to shoot up the school on the last day," and "shoot all the teachers and students." *Id*. at 7; *State's Ex*. 2. Yet another classmate stated that she heard, on multiple occasions, M.L.H. talking about guns and his desire to shoot people. *Tr. Vol. 2* at 51-52.

Indiana Code section 35-45-2-1 defines the crime of intimidation, in operative part, as a person who communicates a threat with the intent of causing a building to be evacuated or interfering with the occupancy of a building. The offense is a Level 6 felony if the threat is to commit a forcible felony. Ind. Code § 35-45-2-1(b)(1)(A). Here, M.L.H.'s threats interfered with the occupancy of the school building by other students and constituted intimidation. As the last day of school approached, a number of students asked the principal whether it would be safe to attend on the last day of school and over 100 students did not attend -- the highest number of absences in the assistant principal's memory. M.L.H. threatened to shoot his classmates. Had M.L.H. been an adult, his threat to commit a forcible felony would have constituted a Level 6 felony. The evidence presented was sufficient to support M.L.H.'s delinquency adjudication for two counts of intimidation.

Affirmed.

Baker, J., and Crone, J., concur.